FILED

2008 APR -3 PM 2: 45

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAENZ, Jr.,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>UNKNOWN, Warden<br><br>　　　　　　　　Respondent. | Civil No.　08-0566 WQH (JMA)<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND |

　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (West 2007).

### FAILURE TO SATISFY FILING FEE REQUIREMENT

　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

### FAILURE TO USE PROPER FORM

　　　Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

## FAILURE TO NAME PROPER RESPONDENT

Further, review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has not named a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

In addition, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28

U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

///

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Moreover, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

///

In his petition, Petitioner states as follows:

> Thereby, request this Court to grant the petition for failure by lower Courts to follow the scope of the law on the merits presented beforehand, and in the furtherance of justice for the wrongs suffered by the indifference of the judicial system, thus allowing other the right passage of the Constitution and not him, creating a prejudicial mean.

(Pet. at 1.)

Later in the petition, Petitioner appears to argue that two California cases, *Hofsheier* and *Stow*, mandate that he should not have to register as a sex offender anymore. (Pet. at 2, 8.) However, in no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

## IN CUSTODY REQUIREMENT

Finally, it appears that Petitioner is not in the custody of the State of California, nor was he when he filed the Petition because Petitioner lists his address as "461 5th Ave. #20, San Diego, CA 92101." Furthermore, Petitioner does not allege he was on parole or otherwise in constructive custody.

"Subject matter jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2254(a), is limited to those persons 'in custody pursuant to the judgment of a State.'" *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994); *see also* 28 U.S.C. § 2241(c)(3). It is a jurisdictional requirement that, at the time a habeas petition is filed, "the habeas petitioner be 'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a)); *see Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).

Here, Petitioner may not challenge the constitutional validity of his sex offender registration requirement via a § 2254 petition because he is no longer in actual custody pursuant to that conviction and does not allege he was in constructive custody (e.g., parole or probation). *See Brock*, 31 F.3d at 889. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 290 U.S. at 490; *see also Williamson v. Gregoire,* 151 F.3d 1180, 1183-84 (9th Cir. 1998) (stating that sex offender registration requirement does not satisfy § 2254's custody requirement); *Zichko v.*

*Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001) (citing *Williamson* with approval); *see also McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999), *Henry v. Lungren,* 164 F.3d 1240 (9th Cir. 1999).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than June 9, 2008**: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, **AND** (2) file a First Amended Petition that cures the pleading deficiencies set forth above. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION TO PROCEED IN FORMA PAUPERIS FORM AND A BLANK FIRST AMENDED PETITION FORM.**

IT IS SO ORDERED.

DATED: 4/3/08

William Q. Hayes
United States District Judge