NAME _Edward Saenz Jr._

PRISON NUMBER _____

CURRENT ADDRESS OR PLACE OF CONFINEMENT _461 5th Ave #20_

CITY, STATE, ZIP CODE _San Diego, CA 92101_

**FILED**

2008 MAY 21  PM 2: 55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

_Edward Saenz Jr_ ,
(FULL NAME OF PETITIONER)

**PETITIONER**

v.

_The State of California_ ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

_____ ,

The Attorney General of the State of
California, Additional Respondent.

Civil No _08CV0566 WQH (JMA)_
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## SECOND AMENDED
### PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1.  Name and location of the court that entered the judgment of conviction under attack: _____
    _San Diego_

2.  Date of judgment of conviction: _6 - 23 - 03_

3.  Trial court case number of the judgment of conviction being challenged: _____
    _SCD 173567_

4.  Length of sentence: _3 years_

CIV 68 (Rev. Jan. 2006)

cv

5. Sentence start date and projected release date: _____

_____

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _____
   1 CT   PC 288A
   _____
   _____

7. What was your plea? (CHECK ONE)
   (a) Not guilty          ☐
   (b) Guilty              ☒
   (c) Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury           ☐
   (b) Judge only     ☒

9. Did you testify at the trial?
   ☐ Yes   ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☐ Yes   ☒ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: _____ N/A
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): _____
    (d) Names of Judges participating in case (if known) _____

    _____

    (e) Grounds raised on direct appeal: _____

    _____
    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: _____ N/A
    (b) Date of result (if known): _____
    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

CIV 68 (Rev. Jan. 2006)

cv

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____ N/A _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____
    _____

    (d) Grounds raised: _____
    _____
    _____
    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes   ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): _____

    (b) Nature of proceeding: _Denied Writ of Habeas Corpus_
    _____

    (c) Grounds raised: _Removal of Sex Registration "Requirement"_
    _____
    _____
    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes   ☒ No

    (e) Result: _____ Denied _____

    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes   ☐ No

17.  If your answer to #16 was "Yes," give the following information:

(a)  **California Court of Appeal** Case Number (if known):_____

(b)  Nature of proceeding: ___Writ_____

(c)  Names of Judges participating in case (if known)_____

_____

(d)  Grounds raised: ___Same as No. 15_____

_____

_____

(e)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

(f)  Result: ___Denied_____

(g)  Date of result (if known): _____

18.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes  ☐ No

19.  If your answer to #18 was "Yes," give the following information:

(a)  **California Supreme Court** Case Number (if known):_____

(b)  Nature of proceeding: ___Writ_____

_____

(c)  Grounds raised: ___Same as No. 15_____

_____

_____

_____

_____

(d)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

(e)  Result: ___Dismissed_____

(f)  Date of result (if known): _____

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the __California Supreme Court__, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____ N/A _____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No      (IF "YES" SKIP TO #22)
    (a) If no, in what federal court was the prior action filed? ____ N/A ____
        (i) What was the prior case number? _____
        (ii) Was the prior action (CHECK ONE):
            ☐ Denied on the merits?
            ☐ Dismissed for procedural reasons?
        (iii) Date of decision: _____ N/A _____
    (b) Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No
    (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☐ No

__CAUTION:__

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) GROUND ONE: _See attached Memorandum_

Supporting FACTS: _so Removal of Sex Offender requirement per case(s) "Hofshier" and Constitutional methods as outlined herein Memorandum._

Did you raise GROUND ONE in the California Supreme Court?

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): _Writ_

(2) Case number or citation: _____

(3) Result (attach a copy of the court's opinion or order if available): _previously submitted and additional copy attached_

**(b) GROUND TWO:** _____

_____

_____

**Supporting FACTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)    Case number or citation: _____

    (3)    Result (attach a copy of the court's opinion or order if available): _____

**(c) GROUND THREE:** _____

_____

_____

_____

**Supporting FACTS:** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition): _____

    (2)    Case number or citation: _____

    (3)    Result (attach a copy of the court's opinion or order if available): _____

**(d)**   **GROUND FOUR:** _____
_____
_____

**Supporting FACTS:** _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition): _____

(2)   Case number or citation: _____

(3)   Result (attach a copy of the court's opinion or order if available): _____

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

   (a)  Name of Court: _____

   (b)  Case Number: _____

   (c)  Date action filed: _____

   (d)  Nature of proceeding: _____

   _____

   (e)  Name(s) of judges (if known): _____

   (f)  Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   (g)  Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☐ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a)  At preliminary hearing: ___~~None~~ Public Defender___

   (b)  At arraignment and plea: ___Public Defender___

   (c)  At trial: ___Public Defender___

   (d)  At sentencing: ___Public Defender___

   (e)  On appeal: ___None___

   (f)  In any post-conviction proceeding: ___None___

   (g)  On appeal from any adverse ruling in a post-conviction proceeding: ___Dismissal___

CIV 68 (Rev. Jan. 2006)

cv

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes ☒ No

**27.** Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
_____

(b) Give date and length of the future sentence: _____
_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☐ No

**28.** Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_5-20-08_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_NONE_

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_5-19-08_

(DATE)

_Edward M. Saenz Jr._

SIGNATURE OF PETITIONER

CIV 68 (Rev. Jan. 2006)

cv

Edward Saenz, Jr.
461 5th Ave #20
San Diego, CA 92101

# IN THE UNITED STATES DISTRICT COURT
# FOR SOUTHERN DISTRICT OF CALIFORNIA

In re EDWARD SAENZ, JR

On Writ of Habeas Corpus

IN PROPRIA PERSONA          /

Civ No. _____

Superior Court No.  CD 173567
Habeas Corpus No.  19005

WRIT OF HABEAS FOR
PETITON FOR REVEIEW (DE NOVO)

     Defendant now comes before the Court in the above-entitled matter for "review" [de novo] under clause for a Writ of Habeas Corpus and it's declaration thereof, within the meaning of a "formal <u>investigation</u> into the facts related to his claims, allegations, and/or documentation of the findings with specificity of law or regulations, including the decision to grant or deny (considering single page, unresponsive decisions by appellate).

     The defendant has been denied this "formal investigation" under the clauses of law throughout the judicial process before this higher Court, whom has the authority to grant cert.  Whereas, he comes here today for consideration by submittal of DE NOVO and its declaration.

     Thereby, request this Court to grant the petition for failure by lower Courts to follow the scope of the law on the merits presented beforehand, and in the furtherance of justice for the wrongs suffered by the indifference of the judicial system, thus allowing others the right passage of the Constitution and not him, creating a prejudicial mean.  It is important to recognize that the defendant attempts to ascertain his claims pursuant to his petition in lieu of the Appellate inappropriate method, and once again, stands on the merits of claims submitted are valid and upheld by California Court(s).  Thereby, leaving the defendant helpless and without cause.

     Thus, granting the issuance of the defendant's "Writ" and ordering compliance with the sentencing Court to correct and provide an "amended" Abstract of Judgment (AoJ) would be a great advantage to all participants.

     Also, the defendant moves that the Court will adequately and effectively provide a "review" and include the necessary motion and documentation fro the defendant to move forward (if necessary).  Otherwise the defendant is without remedy save by his "Writ".

Further, the Court should not be judging by "external" standard, but rather "true" standard. This is clearly outlined within the previous motion. This is an injustice to the defendant and the citizen's of the United States.

No matter the outcome, **HOFSHEIER** and most recently **STOW** (i.e., **O'Connor**, etc.; and many alike) whom had sex with a minor had be relieved of their registration requirement, thus affording the defendant and others the opportunity of the same. However, the defendant is placed in "another" category and denied his Constitutional right.

This declaration is submitted in conjunction with previous motion and document-ation to provide a sound judgment of granting a cert for the Court for the purpose of having the sex-offender "registry" removed from me and its declaration of its unconstitutionality, thus granting petition with immediate action to the State of California and its official's.

I Edward Saenz, Jr., declare under the penalty of perjury the foregoing is true and correct, and this declaration was executed n this ___19 TH·___ day of ___MAY___, 200__, in San Diego, California.

Respectfully submitted,

*Edward M. Saenz Jr.*
EDWARD M. SAENZ, JR.

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—
NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

☐ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570



## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

March 3, 2008

Edward M. Saenz, Jr.,
461 5th Avenue, #20
San Diego, CA., 92101

Re:    **S161199-D051810  In re edward M. Saenz on habeas corpus on review**

Dear Mr. Saenz:

The court has considered your application for relief from default and petition for review. Your application for relief from default has been denied. (Cal. Rules of Court, rule 8.60(e).)

The court has directed that the petition for review be returned to you. We are returning herewith the original of the petition for review and copies of your petition.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  T. Wright, Deputy Clerk

Enclosure

cc:    'Office of the District Attorney
        Office of the Attorney General

1

2

3

4

5

6

7

F I L E D

SEP 1 1 2007

BY C. JARAS, Deputy

8          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SAN DIEGO

10  IN THE MATTER OF THE APPLICATION OF:     )

11  EDWARD SAENZ, JR.,                        )    HC 19005
                                              )    SCD 173567
12          Petitioner.                       )
                                              )    ORDER DENYING PETITION FOR WRIT
13                                            )    OF HABEAS CORPUS
                                              )
14  _____  )

15

16      AFTER REVIEWING THE PETITION FOR WRIT OF HABEAS CORPUS AND THE

17  COURT FILE IN THE ABOVE REFERENCED MATTER, THE COURT FINDS AS

18  FOLLOWS:

19      On June 23, 2003, petitioner plead guilty to one count of violating Penal Code section

20  288, subdivision (a).  Petitioner's guilty plead admitted that he "committed a lewd and lascivious

21  act on the body part of [a] child under the age of 14 years old with the intent arousing and

22  gratifying my sexual desires."  Petitioner received a three year sentence.  Petitioner must also

23  register as a sex offender pursuant to Penal Code section 290.

24      Petitioner now contends that the Penal Code section 290 registration requirement is void

25  as to him for violating the Equal Protection clauses of the state and federal Constitutions.

26  Petitioner also makes passing arguments regarding the effectiveness of defense counsel.

27  ///

28  ///

ORDER - 1

**Penal Code section 290 Registration**

Subdivision (a) of section 290 requires people convicted of various crimes to register as a sex offender for life. One of the crimes enumerated in subdivision (a)(2)(A) is a violation of Penal Code section 288. Petitioner contends that the registration requirement is unconstitutional because it does it does not apply equally to all sexual offenses and that the courts are picking and choosing which defendants can be relieved of the mandatory registration requirements.

Petitioner presents no evidence to support his allegations that courts are picking and choosing which defendants can be relieved of mandatory registration requirements. Every petitioner, even one filing in pro per, must set forth a prima facie statement of facts which would entitle him to habeas corpus relief under existing law. (*In re Bower*, (1985) 38 Cal.3d 865, 872; *In re Hochberg*, (1970) 2 Cal.3d 870, 875 fn 4.) Vague or conclusionary allegations do not warrant habeas relief. (*People v. Duvall*, (1995) 9 Cal.4th 464, 474.) The petitioner then bears the burden of proving the facts upon which he bases his claim for relief. (*In re Riddle*, (1962) 57 Cal.2d 848, 852.) Petitioner has not met his burden to prove this fact, let alone the legal significance this would have if it was true.

Petitioner's arguments regarding the constitutionality of the registration requirement are not well founded. Petitioner relies primarily on *People v. Hofsheier*, (2006) 37 Cal.4th 1185, for the proposition that the registration requirement is invalid as to petitioner. The *Hofsheier* Court dealt with the following general facts, "Defendant, Vincent Peter Hofsheier, a 22-year-old man, pled guilty to oral copulation with a 16-year-old girl in violation of Penal Code section 288a, subdivision (b)(1) (hereafter section 288a(b)(1).)" (*Id.* at p. 1192.) Hofsheier challenged the registration requirement on the argument that if he had been convicted of unlawful sexual intercourse with a minor under the same circumstances (Pen. Code § 261.5) he would not have to register as a sex offender. Ultimately, the Court agreed that defendant could not be required to register for life for the crime of oral copulation with a minor when sexual intercourse with the same minor would not require registration.

Petitioner uses that case the registration requirement is not valid as to him. However, the facts of petitioner's conviction and those involved in *Hofsheier* are noticeably different. First of

1 Hofsheier was convicted of having oral copulation with a 16 year old minor.  Petitioner was
2 convicted of a lewd and lascivious act upon a child.  Hofsheier was able to challenge his
3 registration requirements because another type of sexual conduct with the same victim would not
4 require registration.  Here, there is no other type of conduct that would not require registration.
5 Thus, there is no equal protection argument here as there was in *Hofsheier*.

6     Petitioner's other arguments also fail for lack of a prima facie showing of entitlement to
7 relief.

8     The petition is therefore denied.

9     A copy of this Order shall be served upon Petitioner and the San Diego Office of the
10 District Attorney.

11     IT IS SO ORDERED.

13 DATED: ___9/11/07___

JUDGE OF THE SUPERIOR COURT

I hereby certify that the foregoing instrument is a full, true & correct copy of the original on file in this office, that said document has not been revoked, annulled or set aside, and it is in full force and effect.

Attest: SEP 1 3 2007

Clerk of the Superior Court of the State of California, in and for the County of San Diego

By_____ Deputy

ORDER - 3

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 1701 MISSION AVE., OCEANSIDE, CA 92054-7102 | **F I L E D**<br>Clerk of the Superior Court<br><br>SEP 1 3 2007<br><br>By: _____, Deputy |
| PLAINTIFF(S)/PETITIONER(S)<br><br>The People of The State of California | |
| DEFENDANT(S)/RESPONDENT(S)<br><br>EDWARD SAENZ, JR. | JUDGE: _____<br><br>DEPT: _____ |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>(CCP 1013a(4)) | CASE NUMBER<br><br>HC 19005<br>SCD 173567 |

I certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego  ☐ Vista  ☐ El Cajon  ☐ Chula Vista  ☐ Oceanside  ☐ Ramona, California.

| NAME | ADDRESS |
|---|---|
| EDWARD SAENZ, JR. | 461 5TH AVENUE #20<br>SAN DIEGO, CA 92101 |
| SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE<br>APPELLATE DIVISION | P.O. BOX 121011<br>SAN DIEGO, CA 92112-1011 |

CLERK OF THE SUPERIOR COURT

Date: 9/13/2007  _____          By  _____, Deputy

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D

Stephen M. Kelly. Clerk

JAN 31 2008

Court of Appeal Fourth District

| | |
|---|---|
| In re EDWARD M SAENZ | D051810 |
| on | (San Diego County |
| Habeas Corpus. | Super. Ct. No. SCD 173567) |

THE COURT:

     The petition for writ of habeas corpus has been read and considered by Justices Benke, Nares and Aaron.

     Petitioner pleaded guilty to one count of violating Penal Code section 288, subdivision (a). The factual basis for his plea was he "committed a lewd and lascivious act on the body part of [a] child under the age of 14 years old with the intent [of] arousing and gratifying my sexual desires." Petitioner was sentenced to prison for three years and ordered to register as a sex offender pursuant to Penal Code section 290.

     In the instant petition, petitioner presents no specific legal claim for relief, facts, or documentary support. The petition is therefore denied for failing to state a prima facie case for relief. (*People v. Duvall* (1995) 9 Cal.4th 464, 474-475.)

     The petition is denied.

                                                _____

                                            NARES, Acting P. J.

Copies to:  All parties

Edward M. Saenz, Jr.
461 5th Ave, #20
San Diego, CA 92101

# IN THE SUPERIOR COURT OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

In re EDWARD M. SAENZ, Jr.                **PETITION FOR WRIT OF HABEAS CORPUS**

On Writ of Habeas Corpus              Case No. _CD 173 567_____

                                              *(To be supplied by the Clerk of Court)*

IN PROPRIA PERSONA _____/

## INSTRUCTION - PLEASE READ CAREFULLY

\*  **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it, in the County that made the order.**

\*  **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it, in the County in which you are confined.**

\*  Read the entire form before answering any questions.

\*  This petition must be clearly handwritten in ink or typed. You should exercise care to make sure <u>all</u> answers are true and correct. Because, the petition includes a verification, that making of a statement, that you know is false may result in a conviction for perjury.

\*  Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answers is "continued on additional page."

\*  If you are filing this petition in the superior Court, you need to file only the *original*, unless local rules require additional copies.

\*  If you are filing this petition in the Court of Appeal, file the *original and four* copies.

\*  If you are filing this petition in the California Supreme Court, file the *original and thirteen* copies.

\*  Notify the Clerk of the Court in writing, if you change your address after filing your petition.

\*  In most cases, the law requires *service of a copy* of the petition on the District Attorney, City Attorney, or City Prosecutor. See Penal Code, Section 1475 and Government Code, Section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for the use under **Rule 56.5 and 201(h)(1)** of the California rules of Court [as amended, effectively January 01, 2005]. Subsequently amendments to **Rule 44(b)** may change the number of copies to be furnished when filing in the Court of Appeal and Supreme Court.

Form Approved by the Judicial
Council of California
MC-275 (Rev. Jan. 01, 2005)   **PETITION FOR WRIT OF HABEAS CORPUS (MC - 275)**   Penal Code § 1743 et. seq.;
Cal. Rules of Court, Rule 55.5; 201(h)

This petition concerns:

| | | | |
|---|---|---|---|
| X | A conviction | | Parole |
| X | A sentence | | Credits |
| | Jail or prison conditions | | Prison discipline |
| X | Other *(specify)*: State requirement changes and laws, cases, ruling, modified, equal protection and other | | |

Constitutional rights violation

1. Your name: Edward M. Saenz, Jr.

2. Where are incarcerated? No

3. Why are you in-custody? X Criminal Conviction    Civil Commitment

   *Answer subdivisions (a) through (I) to the best of your ability.*

   a.. State reason for civil commitment of, if criminal conviction, state nature of offense and enhancements *(for example, "robbery with use of a deadly weapon").*

   Lewd and Lascivious Acts on a minor

   b. Penal or other code sections: PC §288(a)

   c Name and location of sentencing or committing court: San Diego County Superior Court
      San Diego, California

   d Case Number: SCD 173 567

   e. Date of conviction or committed: July 23, 2003

   f. Date sentence: July 23, 2003

   g. Length of sentence: 3-years (allegedly 3-year parole)

   h When do you expect to be released? October 08, 2008 (from parole)

   i. Were you represented by counsel in the trial court? X Yes    No

      If yes, state the attorney's name and address *(e-mail, if available)*:
      Public Defender on record

4. What was the **LAST** plea you entered? *(check one)*

   Not guilty    X Guilty    Nolo Contendere    Other: _____

5. If you pleaded guilty, what kind of trial did you have?

   Jury    X Judge with out a jury    Submitted on transcript    Awaiting trial

Page two of six

6. GROUNDS FOR RELIEF

**Ground ONE:** State briefly the ground which you base your claim for relief. *For example, "the trial court imposed an illegal enhancement." (If you have additional grounds for relief, use a separate page for each ground. State Ground TWO on page four. For additional grounds, make copies of page four and number the additional grounds in order.).*

_____ See attached Memorandum of Points And Authorities _____

a. **Supporting facts:**

Tell your story without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *(If necessary, attach additional pages)* CAUTION: You must state facts, not conclusions. *for example,* if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that effected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See **In re Swain (1949) 34 Cal.2d 300, 304**). A rule of thumb to follow is; *who* did exactly *what* to violate your rights at what time (when) or place (where*(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim).*

_____ See attached Memorandum of Points And Authorities _____

b. **Supporting cases, rules, or other authority** *(optional)*:

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach extra pages).*

_____ See attached Memorandum of Points And Authorities _____

MC - 275 (Rev. Jan. 01, 2005)      **PETITION FOR WRIT OF HABEAS CORPUS (MC - 275)**

7.  **Ground TWO or Ground** _____ *(if applicable)*:
   See attached Memorandum of Points And Authorities

   a.  **Supporting facts:**

   See attached Memorandum of Points And Authorities

   b.  **Supporting cases, rules, or other authority** *(optional)*:

   See attached Memorandum of Points And Authorities

MC - 275 (Rev. Jan. 01, 2005)      **PETITION FOR WRIT OF HABEAS CORPUS (MC - 275)**

8. Did you appeal from the conviction, sentence, or commitment?        Yes    X    No

   If *yes*, give the following information:

   a. Name of court (*"Court of Appeal" or "Appellate Dept. of Superior Court"*):

   _____N/A_____

   b. Results: ___N/A_____        c. Date of decision: ___N/A_____

   d. Case Number or citation of opinion, *if known*: ___N/A_____

   e. Issues raised: (1) __N/A_____

      (2) ___N/A_____

      (3) ___N/A_____

   f. Were you represented by counsel on appeal?        Yes    X    No

      If *yes*, state attorney's name and address *(e-mail if available)*:

   _____N/A_____

9. Did you seek review in the California Supreme Court?        Yes    X    No

   If *yes*, give the following information:

   b. Results: ___N/A_____        c. Date of decision: ___N/A_____

   c. Case Number or citation of opinion, *if known*: _____

   d. Issues raised: (1) __N/A_____

      (2) ___N/A_____

      (3) ___N/A_____

10. If your petition makes a claim regarding your conation, sentence, or commitment, that you or your attorney did not make on appeal, *explain* why the claim was not raised on appeal:

   __PREPARATION AND RESEARCH, INCLUDING NEWLY FOUNDED CASES_____

   _____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies *may* result in the denial of your petition, even if it is otherwise meritorious. (See **In re Muszalski** (1975) 52 Cal.Appl.3d 500 [125 Cal.Rptr. 286]). Explain what administrative review you sought or explain why you did not seek such review:

   ___Not applicable_____

   _____

   _____

   _____

   b. Did you seek the highest level of administrative review available?        Yes    X    No

      *Attach documents that show you have exhausted your administrative remedies.*

MC - 275 (Rev. Jan. 01, 2005)        **PETITION FOR WRIT OF HABEAS CORPUS (MC - 275)**

5

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or *any issue in* any court?    Yes.  If yes, continue with Number 13

    X    No,.  If no skip to No. 15.

13. a. (1) Name of court:_____N/A_____

       (2) Nature of proceedings *(for example, "habeas corpus petition"):*  __N/A_____

          N/A_____

       (3) Issues raised: (a) ____N/A_____

          (b) _____N/A_____

       (4) Results *(attach order or explain why unavailable):*  __N/A_____

       (5) Date of decision: _____N/A_____

   b. (1) Name of court:_____N/A_____

       (2) Nature of proceedings: _N/A_____

       (3) Issues raised: (a) ____N/A_____

          (b) _____N/A_____

       (4) Results *(attach order or explain why unavailable):*  __N/A_____

       (5) Date of decision: _____N/A_____,

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: _____N/A_____

           N/A_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See **In re Swain** (1949) 34 Cal.2d 300, 3004).

  __PREPARATION AND RESEARCH, INCLUDING NEWLY FOUNDED CASES__

16. Are you presently represented by counsel?    Yes    X    No    If *yes*, explain:

           N/A_____

           N/A_____

17. Do you have any petition, appeal, or other matter pending in *any* court?    Yes    X    No

If *yes*, explain: _____N/A_____

           N/A_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: _____N/A_____

           N/A_____

I, the undersigned say: I am the petitioner in this action. I declare under penalty of perjury the law of the State of California, that the foregoing allegations and statement are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _July 15TH 2007_      _Edward M. Saenz Jr._
                *Signature of Petitioner*

MC - 275 (Rev. Jan. 01, 2005)    **PETITION FOR WRIT OF HABEAS CORPUS (MC - 275)**

# IN THE SUPERIOR COURT OF CALIFORNIA
## FOR THE COUNTY OF  SAN DIEGO

In re EDWARD M. SAENZ, Jr.                    Superior Court Case No. SCD 173 567_____

              Petitioner(s),        Writ of Habeas Corpus No. _____

On Writ of Habeas Corpus

                                       COVER SHEET

                                       FOR A PETITION OF

IN PROPRIA PERSONA _____ /       WRIT OF  HABEAS CORPUS

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF WRIT OF HABEAS CORPUS THEREOF

APPEARANCE:

FOR THE PETITIONER(S)                    EDWARD M. SAENZ, Jr.

                                       IN PROPRIA PERSONA

                                       461 5TH AVE. #20

                                       SAN DIEGO, CA 92101

FOR THE RESPONDENT(S)                    OFFICE OF THE DISTRICT ATTORNEY

                                       330 BROADWAY

                                       4TH FLOOR

                                       SAN DIEGO, CA 92101

ADDITIONALLY                              Bonnie Duminas, District Attorney

ATTORNEY'S FOR RESPONDENT                 unknown

Edward M. Saenz, Jr.
461 5th Ave
#20
San Diego, Ca 93101

## IN THE SUPERIOR COURT OF CALIFORNIA
## FOR THE COUNTY OF  SAN DIEGO

In re EDWARD M. SAENZ, Jr.          Superior Court Case No. __CD 173 567_____

On Writ of Habeas Corpus                  MEMORANDUM OF POINTS AND AUTHORITIES

                                          IN SUPPORT OF WRIT OF HABEAS CORPUS

IN PROPRIA PERSONA_____/          THEREOF


### I. INTRODUCTION

Defendant now comes before the Court in the above-entitled matter for "review" {de novo] of his Writ of Habeas Corpus and it's declarations thereof, within the meaning of "a formal investigation into the facts related to his claims, allegations, and documentation of the findings with specificity of law or regulations, including the decision to grant or deny".

It is obvious that the Court and it's judicial members therein subjected the defendant beyond the scope of Legislative intent, thereby, exceeding the law set forth, as outline within *Hofsheier, Stow, and therein*, including the California Rules of Court (known hereas "CRC"), among the "other provisions act", and other violations described thereto or herein to the best available approach available to me, thus, to bring forth my claims.

This case comes before this Court which resulted in a conviction pursuant to a plea agreement on charges of **PC § 288(a); including the mandatory lifetime {sex-offender} registration requirement of PC § 290** of San Diego County.  The sentencing was pronounced on or about February 26, 2003.

Additionally, there is the question of the wrongfully applied mandatory lifetime registration that was acquired therein and continuously being unlawfully upheld toward the defendant, whereas, others are being released from this "mandatory" requirement with the same or similar sentencing.

Thus, based on the holding of **Hofsheier and Stow**, it's recommended that this Court vacate the sex-offender registration requirement and remand this matter for the Trial Court to exercise it's discretion. At trial and this appeal, defendant herein challenges the "mandatory" lifetime registration provision as a violation of "Equal Protection Clause" and "Due Process" rights.  This is clearly evident that the Court's are "picking and choosing" what case(s) to relieve from this "mandatory requirement" and violating those provisions therein, and not creating the effect that there is "no mandatory or requirement" about this, unless the District attorney chooses to punish the individual further in the <u>future</u> and denying the "equal"

protection that is supported by both State and Federal Constitution's and abuse of the Judicial member's discretion that's indicated herein.

Therefore, where the duties require it, there is an inescapable <u>obligation</u> of the court's to ensure justice and fairness, including "*equal*" treatment toward each individual, and the defendant is making every conscious attempt to establish a <u>prima facie</u> case for relief. The defendant will make every attempt to bring forth his claim and hopes that the Court will acknowledge their mistakes and correct them promptly. (Refer to 8th and 14th Amendment(s), etc.).


## II. <u>CONTENTIONS</u>

Defendant does not have the expertise, knowledge, or scholarship of a legal advisor or that of an Attorney, and in some ways draftsmanship of his petition will result in carelessness, thereby, should not be held to those stringent standards. However, defendant remains hopeful that he will be relieved of the wrongs against him and the prejudice that has resulted and allowed to continue unnecessarily. Thereby, pursuant to **321 F.Supp. At 573**, the US Supreme Court decisions have made it clear that "it {habeas corpus] is not now and never has been a static, narrow, or formalistic remedy; it's scope has grown to achieve it's grand purpose - the protection of an individual against erosion of their {constitutional] right to be free from a wrongful conviction" as established herein.

The standard review and legal standards consist of the independent or <u>de novo</u> standard of review is applicable in assessing whether the conviction and it's sentence correctly state the law and by it's realm. (See **People v. Posey** (2004) 32 Cal.4[th] 193,218). The California Court of Appeals, held "that the label given of a petition or cause of action is based on the facts alleged, and the remedy sought in that pleading"; and should be held to such standard herein. (See **Cod.Civ.Proc.§4215.10(a); and Escamilla v. California Department of Corrections and Rehabilitation (2006 DAR)** 141 Cal.App.4[th] 498).

A violation of the defendant's rights are being challenged , due to the defects that so effected the decision and the parties actions hereto. Thereby, violated the fundamental aspects of fairness, and an overall result in the same form as a "miscarriage of justice". (See **In re Jones** (1993) 5 Cal.4[th] 813 {21 **Cal.Rptr. 373]**). Further, "habeas corpus" proceedings are characterized as **civil** in nature and applicable laws or rules apply hereto. Where the duties require it, there is an inescapable <u>obligation</u> of the court's to ensure justice and fairness, and the defendant is making every conscious attempt to establish a <u>prima facie</u> case for relief. (See **Fisher v. Baker** (1906) 203 U.S. 174, 181; and **In re Harris** (1993) 5 Cal.4[th] 813).

2

In **Raines v. United States** (4th Cir. 1970) 423 F.2d 526-530, the appropriate standards... is this: {W]here the facts are inadequate and (clearly) disputed, the Court in habeas corpus **must** hold an Evidentiary Hearing (e.g., **Fed.Rule 8**). Therefore, an Evidentiary hearing is required {mandatory] and the Judge **must** appoint Counsel for a person who qualifies for appointment; just as the defendant does herein; under the **Criminal Justice Act**, and this would be a valuable function benefiting all parties.

It is in the highest tradition of American jurisprudence for the Judge to assist a person who represents himself, in lieu of the defendant's shortcomings' of a layman, and would be well within the bounds of judicial propriety to give any helpful suggestions; such as preparation, presentation of evidence, rules of substantive law, and so forth; which might aid the defendant in providing merits of his claims, and **it is** part of the judicial function and common practice. (See **People v. Redmond** (1969) 71 A.C. 775-778 {70 Cal.Rptr. 529-536; 457 P.2d 321-326]).

Defendant asserts his rights were violated under both State and Federal (laws) Constitution's; that ascertain and afford him of the guaranteed protection against the scrutiny of those prejudicial official's hereto, and concludes that the **Bill of Rights** were not adhered to, and the violations under *Hofsheier, Stow, and therein*. Thus, this resulted in the deprivation of rights and denial of a fair adjudication of the proceedings within the system itself, creating an inappropriate and inadequate process among the *"People"*. Thereby, the defendant contends a violation pursuant to **"FRCP" §60(b)(3)** - Fraud, to mean that judicial members had a predisposition... which implied a dishonest act..."; and **"FRCP" §60(b)(4)** - Due Process (equal to 14[th] **Amendment**), since "the official's compromises a pattern of conduct so egregious that it infected [refusal to equally distribute judicial discretion in conjunction with sentencing and plea agreement] the proceedings with such unfairness, as to make the conviction [and ultimately the sentence], a denial of Due Process" as clearly apparent with the case at bar. (See **14[th] Amendment, Cal.Const.Art. I §15 & 17; and People v. Samayoa** (1997) 15 Cal.4[th] **795, 841; including therein.**). This was a case based on "political" issues through the "People" and it's temptation of the media related to it [such as "sex-offender" frenzy] and nothing more, rather than to increase distribute equal protection for each individual and leaving the defendant to suffer for future penalties involved within this judicial discretion to award an "requirement" that has effectively become a non-requirement, but rather a "tool" involved herein!

There are contentions that fall under the **False Statement Accountability Act**, not only from the alleged judicial member's, but also, those authorizing the plea agreement whom used such measures, thus knowing that it is unlawful and against the "Equal Protection, thus, "concealment of facts" and "willful misrepresentation" of those judicial members that were actively involved with this unreasonable application of clearly established laws set forth by the State and Federal Court's, including the Rules and Procedures therein, whether in whole or in part; *is inexcusable*. (See **18 U.S.C.A. §1001; Title 28-**

3

Judiciary and Judicial Procedure [misconduct and other acts]; and <u>Moore v. Calderon</u> (9th Cir. 1997) 108 D.3d 261; <u>People v. Thomas</u> (1992) 4 Cal.4th 206, 212).

The Supreme Court has ruled that, to hold an official liable for violating an individual's Constitutional rights, "the contours of the right must be sufficiently clear that a reasonable official would understand that what [he] is doing, violates that right". When it's clear that the "official's knew that this "registration" was not a "mandatory" or "requirement", but continued anyways, and not in accordance with the law, statute, or Constitutional rights itself. (see <u>Anderson v. Creighton</u> (1987) 483 U.S. 635, <u>640</u> [107 S.Ct 3034, <u>3039</u>; 97 L.Ed2D 523]; <u>Hunter v. Bryant</u> (1991) 502 U.S. 224, <u>226</u> [112 S.Ct. 534, <u>536</u>; 116 L.Ed.2d 589]).

### III.  <u>STATEMENT OF FACT</u>

Therefore, to continue to accept a plea that was not made voluntary, thereby, he realized that he had in-fact, not been made fully aware of the circumstances of this plea' agreement, and only afterwards, had he found out that he was entitled to be relieved from such "mandatory" sex-offender registration, which was not sought at that particular time, including not knowing the **precise** details that were never discussed by any judicial member appropriately, or in complete detail, or otherwise clarified "upon a reasonable decision", or the after affects that will be required.

The duress was impossible to overcome the exercise of "free" judgment, since the defendant was not given any evidence, documents, including the necessary tools or materials for him to have made a clearly and vital "sound" judgment, or "exercise of 'free' judgment", but rather, relying solely on Defense Counsel, and the truthfulness' and fairness of the "system" judicial process. Therefore, he couldn't have known such, considering all the factors that would have been necessary to make a just result, especially when Defense Counsel, knowingly and willingly withheld information, including making this "mandatory" act of a <u>future</u> punishment become a reality and induced into the plea' agreement, and those other judicial member's involved whom all knew better.

As in <u>People v. Stow</u> (2006) Case No. TCF 144170, *5th Federal District Court* has remanded her case back to the Tulare Superior Court to change the requirements of her case; and this Court should do the same to resolve the claims and issues at hand, thus, remove the defendant's registration requirement. Within <u>Stow</u> she contended that the <u>Section 290, subdivision (a)(1)(A)</u>, mandatory lifetime registration requirement violates Equal Protection, because it mandates those convicted of engaging in acts of oral copulation with a minor, but, not those convicted of unlawful sexual intercourse with a minor, and the "People" conceded the issue.

4

The decision was supported by the case recently by the California Supreme Court which decided this issue in **People v. Hofsheier**, (2006) 37 Cal.4th 1185, the Court held "that the statutory distinction in PC §290, requiring mandatory registration for those convicted of voluntary oral copulation with a minor, the age of 16 or 17, but not of someone convicted of voluntary sexual intercourse with a minor of that age, violates the **Equal Protection Clauses** of both the state and federal Constitutions. (See **id.**, at p.1206)

The proper remedy under these circumstances is to remand the matter to the Trial Court for the Court to exercise it's discretion pursuant to **Section 290, subdivision (a)(2)(E)**, to require lifetime registration, thus being stricken from the defendant's record immediately. (See **id.**, at p.1208). Thereby, this should have fell under this scrutiny and not been able to withstand!

The relief specified for the Court to vacate the mandatory requirement of sex-offender registration and it's certificate of release are found with the California's own Penal Code(s). In light of ex post facto laws, but not limited to, PC **§290.5 and §290.6**, I the {defendant} shall be relieved from registration requirements, and the dismissal and discharge should be notable that any future "registration" is not required in the furtherance of justice, also pursuant to **Criminal Law §186**, thus be exempt. The defendant is also aware that pursuant to PC §1237, the removal from the State and Federal database and systems, shall be initiated immediately upon this order to prevent any further irreparable harm, or that which the "after-shock" of the methods used to impose this condition has been used as herein indicated. (Refer to PC §(§) 290(a)(2)(E), 290.5, and 290.6; including **Hofsheier** and **Stow**, infra).

Thereby, "when the balance falls clearly in favor of the defendant, a trial court not only may, but should exercise the powers granted to them and grant "review", thus, should ultimately require a dismissal, and yet have failed to do so. (See **Howard, supra at 69 Cal.2d 505**).

His "ignorance' as might be implied by the judicial member's, is in-fact a validity issue, because of the non-existence of such plea' agreement "plain language", which was difficult to understand by the defendant at such time, only briefly explained by counsel, thereby,, making it confusing and almost having to have a 'scholarship within legal terminology" or "legal jargon" as it was interpreted. The defendant, did not just change his mind, however, he realized that he had been taken advantage of by the "official's of the judicial process" system, and that he did have a substantial and worthy case, which he was denied the right of such opportunity.

By utilizing this method to sustain this provision, violates the law and the defendant's rights pursuant to those under the State and Federal "guidelines", thus, could be considered as a form of "cruel and unusual punishment". To set the record straight in furtherance of justice and equal distribution of law, if not for the "perjured" testimony/statement "lies", the defendant would most likely not have had to register under this "mandatory" "requirement" registration as indicated herein, however, the judicial

5

member's made a mockery of their testimony/statement, however, the judicial members did nothing to prevent this from being entered and accepted by the Court, thus continues to punish the defendant for an act of such magnitude and should have suspended, thereby, should remain to reconsidering him as innocent by the law. (See **U.S. v. Dambly** (S.D.N.Y. 1996) 945 F.Supp. 672 - affirmed by 134 F.3d 490; Larrison Rule; and **U.S. v. Lebovitz** (W.D.Pa. 1984) 586 F.Supp. 265 - affirmed by 746 F.2d 1468).

By reviewing this case requires consideration of important criteria's (1) of the totality of the circumstances, including the nature of the defendant; (2) comparison of sentences imposed on others {males and females] in the same jurisdiction; and (3) comparison of sentence imposed received by others [] for the same crime in other jurisdictions, and these were not contributing facts in the decision and must be evaluated now and thereby preventing any further prejudice and harm to the defendant. (See **Harmelin v. Michigan** (1991) 501 U.S. 957 [111 S.Ct. 2680; 115 L.Ed.2d 836; **In re Lynch** (1972) 8 Cal.3d 410, 425-27 [105 Cal.Rptr. 217]; therein).

"Defendant's failure to object also would not preclude his asserting on an Appeal [habeas corpus] that he was denied his constitutional rights (especially that of a right to a jury trial on all enhancements). (See **People v. Saunders** (1993) 5 Cal.4[th] 580, 589, fn. 5). As the Court later summarized in a later opinion:

Not all of errors are prohibited in the absence of a timely objection in the trial court. A defendant is not precluded from raising for the first time on appeal [habeas corpus] a claim asserting the depriva- tion of certain fundamental Constitutional rights as indicated herein. (**id.** at p 592; **People v. Holmes** (1960) 54 Cal2.d 442, 43-44 [constitutional right to a jury trial on *all* facts]; cf. **People v. Walker** (1991) 54 Cal.3d 1013, 22-23 [constitutional nature of claim to rule that trial court failed in a claim that error is waived absent timely objection]; and **People v. Vera** (1997 (15 Cal.4[th] 269, 76-77, emphasis added).

Knowing that the Court's will not generally assist upon such objection considerations, however, the Court has rebuffed similar objections and the futility exception should also apply where the statutory or case law binding the lower Court at the time would have precluded the claim. (See **People v. Hill** (1998) 17 Cal.4[th] 800, **820** [prosecutorial misconduct]; and **People v. Abbaszadeh** (2003) 106 Cal.App. 642, 48- 49 [judicial misconduct]). Thereby, there should be no waiver where the lower Court was bound by a Higher Court on the issue. (See **People v. Birks** (1998) 19 Cal.4[th] 108, 116, fn. 6).

Both the California Supreme Court and the Federal District and Circuit's have held that the conventional errors on placing unlawful requirements on any person are subjected to the ***Chapman*** standard. (See **People v. Sengpadychith** (2001) 26 Cal.4[th] 316, 24; **People v. Scott** (2001) 91 Cal.App.4[th] 1197, 1209, 11; and **United States v. Garcia-Guizar** (9th Cir. 2000) 234 F.2d 483, 88-89).

6

Thereby, creating a *harmless* error!

Within the *Chapman* standard reviewed hereto, the defendant was also denied the "effective assistance of counsel" (known hereas "IAC"). This includes the periods when his attorney failed to make meritorious objections to highly inflammatory, inadmissible, and prejudicial evidence or arguments, thereby, not ascertaining petitions (.i.e., **PC §(§)1538.5, 1385**) and in accordance with the Constitution (6th, 8th, and 14th **Amendment's**) and California Constitution **Article I §15 and §17**, violated client-attorney rights.

It is to be construed that counsel's performance failed to meet the *standard* expected of reasonable competent attorney's, whom shall know all laws or structures which their client is waiving or conditions of such plea agreements and by laws contributing to it, thereby, the attorney's performance resulted in prejudice of defendant's case, especially since "it was predicated that the **Cunningham** case was to be supported by the U.S. Supreme Court" and measures were already taken to resolve the conflict(s) before they arise, however, in this case, they were not, and counsel failed to be aware of such. (See **Chapman**, supra; **Strickland v. Washington** (1984) 466 U.S. 68, 86 [80 L.Ed.2d 674; 104 S.Ct. 2052]). Bottom line is Judge's have limits to their discretion in sentencing defendant's and the U.S. Supreme Court has held repeatedly that Judge may not increase a defendant's sentence based solely on facts therein not determined by a jury. (Refer to Justice Ruth Bader Ginsberg's opinion). This is a wrongful conviction that needs the attention and review and possibly be directed to the **California Commission of the Fair Administration of Justice** (*Director Gerald Uelman*) and *requires* a sentencing hearing, thus, the equal protection (and due process) rights have been violated herein.

In **Bivens v. Groose** (C.A. 8Mo. 1994) 28 F.3d 62 - the "IAC" under the *Strickland* and *Chapman* standard undoubtly falls under these guidelines herein at the very least. "One of the principal tasks of a Defense Attorney is to protect [his] client from admission of evidence that is more prejudicial than probative...". (See **In re Jones** (1996) 13 Cal.4[th] 552, 81). Therefore, trial counsel's unreasonable failure to adequately object {or filing petitions] to the admission or exclusion of evidence constitutes "IAC" as indicated in the instant case. (id., at pp. 581-88). "In order to render reasonably competent assistance, a criminal defense attorney shall investigate carefully the *possible* grounds for seeking the suppression of incriminating evidence...:, however, there was no Motion filed on defendant's behalf for the removal of the registration in accordance with the law, statue, and case(s), and so forth. (id., at p. 582). There simply is no satisfactory explanation for counsel's failure! No tactical advantage for the client is plausible for failing to raise or object to such inflammatory evidence or statements (by initiating the provisions under a plea agreement that included registration)! Also, allowing prosecutorial misconduct to infect the trial, could not possibly shield the defendant from prejudice, as was counsel's [primary] duty. (See **Fed.Rules.Crim. Proc., Rule 11**; **Boykin v. Alabama** (1969) 395 U.S. 238;

7

**People v. Wilson** (1992) 3 Cal.4th 926, 36; also refer to **People v. Plager** (1987) 196 Cal.App.3d 1537, 43; **People v. Moreno** (1987) 188 Cal.App.3d 1179, 91; **People v. Marquez** (1986) 188 Cal.App.3d 363, 68).

This resulted in extreme harm and prejudice to the defendant. Because the misconduct involved federal Constitutional error, the burden is on the prosecution to prove "beyond a reasonable doubt" that the error did not contribute to the decision" and that it did not infect the trial. However, this has not prevented the defendant from continuing to suffer from the court's neglect and not founded guilty verdict other than a plea that has an recanted statement in the record and all judicial member's have failed to correct the wrongs against the defendant and it's neglect. (See **People v. Bolton** (____) 23 Cal.3d 208, 12 - citing **Chapman**, infra at 386 U.S. 18, 24; and **People v. Herring** (1993) 20 Cal.App.4th 1066, 76-77).

Prosecutorial Misconduct. The prosecution infringed on the defendant's Constitutional and statutory rights and was not content with the inconsistencies in the evidence, testimony, and continuously and improperly made statements of inflammatory verbiage rather than applying the law accordingly as specified herein.

A prosecutor has a duty to prosecute vigorously, but while [he] may strike hard-blows, he is not at liberty to strike foul ones, and it is as much his duty to refrain from improper methods calculated to produce a wrongful conviction, including knowing the innocence of an individual and not of the passion of the case, as it is to use every legitimate means to bring about a just one, however, there is no doubt that this was an underhanded one! (See **People v. Pitts** (1990) 223 Ca.App.3d 606, **91; and People v. Hill** (1998) 17 Cal.4th 800, **20**).

The role of the prosecution *"The People"* far transcends the objective of high scores of conviction; it's function is rather to serve as public instrument of inquiry, and pursuant to her tenets of the decisions, to expose the facts", and it's apparent that with the case at bar this is not the case and was abused. (see **People V. Daggert** (1990) 225 Cal.App.3d 751, 59). The applicable State and Federal standards regarding prosecutorial misconduct are well established, thus, "conduct by a prosecutor that does not render a criminal trial fundamentally fair, is prosecutorial misconduct under state law, and must be considered herein, and requires the intervention of the federal Court's if necessary, since it involves " use of deceptive or reprehensible methods to attempt to persuade the Court", and ended with coercion. (See **Samayoa**, infra at 841). Besides, "the words of the 'official representative of the people' carry great weight", and should not be viewed as lightly as currently within the instant case. (See **Pitts, infra** at 694).

8

Thereby, resulted in a plea "bargain", which was known to be unlawfully accepted an initiated by the judicial members therein. Also, there was no consideration of the "Alternative Sentencing" program nor any other systematic plans to resolve the minor concerns such as the case at bar; and not clogging the "system" any further with trivial incidents, however, primarily using his past as the basis for such decision and upholding on the grounds that are known to be held as unlawful by *all* Court's.

In the event the Court does not find the error to be of federal constitutional genesis, the defendant additionally contends that it is reasonably probable in the absence of the error, a result more favorable to him would have resulted, and requires review and reversal as herein indicated. (See **People v. Watson** **(1956) 46 Cal.2d 818, 36**).

It is obvious that the use of the Penal Codes, statutes, and other laws and factors were not appropriately distributed in their relevant and accurate capacity to the defendant's trial altogether, and they were used to impose, rather than evaluated in contention to this improperly applied condition of a "lifetime mandatory requirement" of a registered sex-offender, but rather, conclusively, *only against him* for future usage. However, no matter how it comes down, ultimately, it is upon the Judge to research and interpret the laws and plea agreement(s) to ensure compliance and effectiveness toward the conditions, charges, and conduct of those legally trained personnel before pronouncing a judgment that may later be challenged. (See **United States v. Guzman-Bruno** (9th Cir. ____) 27 F.3d 420; **Miller v. Florida** **(1987) 428 U.S. 423 [107 S.Ct. 2446; 96 L.Ed.2d 351]**; **People v. Ellis** (1987) 195 Cal.App.3d 334 [240 **Cal.Rptr. 708]**).

Further, there was no following of the substantive evidence standard pursuant to the Little Tucker Act of **28 U.S.C.A. §1346** accordingly. Defendant did not engage in violent conduct as persuaded by the Probation Officer's Report ("POR") for the offense to be awarded an 85 percent credit earnings and should have been awarded 50 percent credit earnings. However, the judicial members took advantage of a position of "trust and confidence" of the defendant and the public by suggesting such a plea {bargain} and then by placing such conditions as indicated herein, is constituted as an act more than a grave standard by those "official's" acting for the "People".

The summation would be best formulated within **Title 28**, and considered as method of "willful misrepresentation by the judicial member's conclusively. Therefore, under American jurisprudence, all conditions within a conviction [and conditions alike] should always render "faithful" proceedings, thus, by upholding this, causes erosion within, and it's by continuing with this inept decision used by presumptive acts are invalid and deceitfully hiding it from the public, rather, than adhering to the duty appointed therein.

9

Also, the adverse affects of the judicial propriety of the proceedings has been a detrimental of collateral consequences, and contributes to daily living and effects thereof. Therefore, the deceitfulness and cunning acts played on the "consciousness and confidence" of the public and the defendant has created impropriety, and it would be in the satisfaction by formatting the credit earnings of the 85% to receive 50 percent, and **the mandatory requirement of the sex-offender registration should be stricken.** This could be concluded as the plea was obtain under "fraudulent" deception and shall be precluded pursuant to **PC §1157 and PC §1192.**

Thereby, it's only being tailoring toward it's probative value against the defendant, rather than serving "justice" and for the "People". Basically, to equate this would be to evaluate it as a form of "miscarriage of justice" and injustice in itself otherwise! To consider the instant case as having been violent in connection with statutes has gone "too far"!

Otherwise, it would be discriminatory toward the defendant, rather than providing a factual basis for upholding the unlawful sentence as it stands and it's "provision's as discussed herein. There was no real need or "requirement" as supported by the definition of case's and laws, thus, the sentencing scheme used is inconsistent with the furtherance of justice. Thereby pursuant to **PC §667 (b)-(i)** should be replaced with **PC §1385 and 654,** thus award the defendant 50 percent pursuant to **PC §2933,** instead of an automatic reversal.

## IV. PRAYER FOR RELIEF

Thereby granting the issuance of the defendant's "Writ" and order compliance with the sentencing Court to correct and provide an 'Amended' Abstract of Judgment ("AoJ") that would be of a great advantage to all parties. Therefore, ordering the defendant's immediate vacate of the **mandatory requirement of the sex-offender registration.** Additionally, ordering the correction for the defendant's time served in reference to the credit earnings and the overage be subtracted from his parole period. This would be deemed just and appropriate, considering the unlawful practice of the judicial members thereof.

Pursuant to **Hofsheier and Stow** they were relieved of their "mandatory" sex-offender registration requirements. While **Stow** had sex with three under age boys, therefore, there is similarity herein and not much of a difference, and the defendant should be relieved {vacate} of such requirement and as well.

Therefore, the defendant moves the Court will adequate and effectively "review" his Writ of Habeas Corpus, thus he has provided the necessary Motion for the court to award an Order to grant relief as indicated herein of his Petition, Memorandum of Points And Authorities, and therein. Otherwise, the defendant is without remedy save by this Writ.

10

WHEREFORE, the defendant prays this Court:

1. Issue and Order, granting his Writ of Habeas Corpus:
2. Declare the rights of the defendant;
3. Issue an Order mandating immediate compliance with the Court's decision by all "official's";
4. Vacate the mandatory requirement of the sex-offender registration:
5. Replacement of the 85% with 50% percent credit earnings:
6. Adjustments according thereafter in the furtherance of justice:
7. Appoint and award Attorney fess and costs: and
8. Grant any other and further relief the Court deems proper and just.
//
//

## V.  DECLARATION

     I, the undersigned, as the defendant in the above-entitled matter, have read the foregoing petition, and facts related herein are true and correct to the best of my knowledge, except as to those matters that are therein, which stated on belief as to those matters, I believe them to be true. I declare under the penalty of perjury that the foregoing is true and correct, and this declaration was executed on this _15 TH_ day of ___JULY___, 200_7_, at ___SAN DIEGO,___, California.

     Respectfully submitted,

     _Edward M. Saeng Jr._
     IN PROPRIA PERSONA

//
//

11