**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD SAENZ, Jr.,<br><br>                Petitioner,<br><br>      v.<br><br>THE STATE OF CALIFORNIA,<br><br>                Respondent. | Civil No.   08-0566 WQH (JMA)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

      On March 25, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (West 2007). [Doc. No. 1.] On April 3, 2008, this Court issued an Order dismissing the case without prejudice for Petitioner's failure to (1) pay the filing fee or move to proceed in forma pauperis; (2) use the proper form; (3) name a proper Respondent; (4) allege exhaustion of state judicial remedies; (5) state a cognizable federal claim; and (6) meet the requirement that he be in custody at the time he filed his Petition. [Doc. No. 3.]

      On April 18, 2008, Petitioner paid the $5 filing fee [Doc. No. 4], and on April 18, 2008, he filed a First Amended Petition. [Doc. No. 6.] The Court dismissed the First Amended Petition on April 23, 2008, because Petitioner had failed to use the proper form, failed to name a proper respondent, failed to allege exhaustion of his state judicial remedies, failed to state a cognizable federal claim and failed to satisfy the in custody requirement for 28 U.S.C. § 2254 petitions. [Doc. No. 7.] Petitioner was given until June 30, 2008, to file a Second Amended

1  Petition which cured the pleading deficiencies outlined in the Court's Order. On May 21, 2008,
2  Petitioner filed a Second Amended Petition. [Doc. No. 8.]

### FAILURE TO NAME PROPER RESPONDENT

4   Review of the Petition reveals that Petitioner has again failed to name a proper
5  respondent. On federal habeas, a state prisoner must name the state officer having custody of
6  him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule
7  2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition
8  fails to name a proper respondent. *See id.*

9   If "a petitioner is in custody due to the state action he is challenging, '[t]he named
10 respondent shall be the state officer who has official custody of the petitioner (for example, the
11 warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).
12 However, if a "petitioner is on probation or parole, he may name his probation or parole officer
13 'and the official in charge of the parole or probation agency, or the state correctional agency, as
14 appropriate.'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

15  A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
16 habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
17 actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v.*
18 *Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
19 habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
20 body" if directed to do so by the Court. "Both the warden of a California prison and the Director
21 of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d
22 at 895.

23  Here, Petitioner has incorrectly named "The State of California," as Respondent. If
24 Petitioner is in custody, he must name the warden in charge of the state correctional facility in
25 which Petitioner is presently confined or the Secretary of the California Department of
26 Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992)
27 (per curiam). If Petitioner is on probation or parole, Petitioner must name his probation or parole
28 officer and the official in charge of the parole agency. *See Ortiz-Sandoval*, 81 F.3d at 894. In

California, the Secretary of the Department of Corrections and Rehabilitations is the official in charge of the parole agency. *See In re Lusero*, 4 Cal. App. 4th 572, 576 (1992) ("During the period of parole following incarceration, an inmate continues in the custody of the department.").

## JURISDICTIONAL CUSTODY REQUIREMENT

A habeas petitioner who challenges a state court conviction or sentence must establish he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Current imprisonment is not required, however, to satisfy the custody requirement; a petitioner can meet this requirement if he suffers from substantial restraints not shared by the public generally as a result of the conviction he is challenging. *See, e.g., Hensley v. Municipal Court,* 411 U.S. 345, 351 (1973) (release on own recognizance); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (parole); *United States v. Span*, 75 F.3d 1383, 1386 n.5 (9th Cir. 1996) (probation);

In order for this Court to entertain the petition in this case, Petitioner must specify how he satisfies the "in custody" requirement. Although it is clear from the petition that Petitioner is not currently incarcerated, it is not clear whether Petitioner is currently on probation or parole. If Petitioner is on probation or parole for the state court conviction and/or sentence he seeks to challenge, he must so specify. If Petitioner is not on probation or parole as a result of the state court conviction and/or sentence he seeks to challenge and seeks only to challenge the constitutional validity of his sex offender registration requirement, he may not do so via a § 2254 petition because he is no longer in actual custody pursuant to that conviction and does not allege he was in constructive custody (e.g., parole or probation). *See Brock*, 31 F.3d at 889. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 290 U.S. at 490; *see also Williamson v. Gregoire,* 151 F.3d 1180, 1183-84 (9th Cir. 1998) (stating that sex offender registration requirement does not satisfy § 2254's custody requirement); *Zichko v. Idaho*, 247 F.3d 1015, 1019 (9th Cir. 2001) (citing *Williamson* with approval); *see also McNab v. Kok*, 170 F.3d 1246 (9th Cir. 1999)*, Henry v. Lungren,* 164 F.3d 1240 (9th Cir. 1999).

## **CONCLUSION**

For the foregoing reasons, the Court **DISMISSES** this action without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than August 8, 2008** file a Third Amended Petition that cures the pleading deficiencies set forth above.

Petitioner is advised that if he does not correct the pleading deficiencies outlined in this Order by August 8, 2008, his case will be dismissed without prejudice and without further leave to amend. At that time, if he wishes to further pursue this matter, he will have to start over by filing a new petition which will be given a new civil case number. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK THIRD AMENDED PETITION FORM.**

**IT IS SO ORDERED.**

DATED: June 4, 2008

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge