FILED
2008 JUL 11 PM 2:24
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____Rm_____ DEPUTY

IN THE SUPERIOR COURT OF CALIFORNIA
FOR THE COUNTY OF __SAN DIEGO__

In re EDWARD M. SAENZ, Jr.          Superior Court Case No. SCD 173 567

    Petitioner(s),          Writ of Habeas Corpus No. 08 CV 0566 WQH JMA

On Writ of Habeas Corpus

                        COVER SHEET          NUNC PRO TUNC
                        FOR A PETITION OF          JUL -8 2008
IN PROPRIA PERSONA _____/          WRIT OF HABEAS CORPUS


## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF WRIT OF HABEAS CORPUS THEREOF


APPEARANCE:

FOR THE PETITIONER(S)          EDWARD M. SAENZ, Jr.

                                     IN PROPRIA PERSONA

                                     461 5TH AVE. #20

                                     SAN DIEGO, CA 92101


FOR THE RESPONDENT(S)          OFFICE OF THE DISTRICT ATTORNEY

                                     330 BROADWAY

                                     4TH FLOOR

                                     SAN DIEGO, CA 92101


ADDITIONALLY          Bonnie Duminas, District Attorney
ATTORNEY'S FOR RESPONDENT          unknown

CR

Edward M. Saenz, Jr.
461 5th Ave
#20
San Diego, Ca 93101

# IN THE SUPERIOR COURT OF CALIFORNIA
# FOR THE COUNTY OF SAN DIEGO

In re EDWARD M. SAENZ, Jr.　　　Superior Court Case No. __CD 173 567__

On Writ of Habeas Corpus　　　　　MEMORANDUM OF POINTS AND AUTHORITIES

　　　　　　　　　　　　　　　　IN SUPPORT OF WRIT OF HABEAS CORPUS

IN PROPRIA PERSONA　　　　/　　THEREOF

## I. INTRODUCTION

　　Defendant now comes before the Court in the above-entitled matter for "review" {de novo] of his Writ of Habeas Corpus and it's declarations thereof, within the meaning of "a formal investigation into the facts related to his claims, allegations, and documentation of the findings with specificity of law or regulations, including the decision to grant or deny".

　　It is obvious that the Court and it's judicial members therein subjected the defendant beyond the scope of Legislative intent, thereby, exceeding the law set forth, as outline within *Hofsheier*, *Stow*, and *therein*, including the California Rules of Court (known hereas "CRC"), among the "other provisions act", and other violations described thereto or herein to the best available approach available to me, thus, to bring forth my claims.

　　This case comes before this Court which resulted in a conviction pursuant to a plea agreement on charges of **PC § 288(a); including the mandatory lifetime {sex-offender} registration requirement of PC § 290** of San Diego County. The sentencing was pronounced on or about February 26, 2003.

　　Additionally, there is the question of the wrongfully applied mandatory lifetime registration that was acquired therein and continuously being unlawfully upheld toward the defendant, whereas, others are being released from this "mandatory" requirement with the same or similar sentencing.

　　Thus, based on the holding of **Hofsheier and Stow**, it's recommended that this Court vacate the sex-offender registration requirement and remand this matter for the Trial Court to exercise it's discretion. At trial and this appeal, defendant herein challenges the "mandatory" lifetime registration provision as a violation of "Equal Protection Clause" and "Due Process" rights. This is clearly evident that the Court's are "picking and choosing" what case(s) to relieve from this "mandatory requirement" and violating those provisions therein, and not creating the effect that there is "no mandatory or requirement" about this, unless the District attorney chooses to punish the individual further in the future and denying the "equal"

protection that is supported by both State and Federal Constitution's and abuse of the Judicial member's discretion that's indicated herein.

Therefore, where the duties require it, there is an inescapable <u>obligation</u> of the court's to ensure justice and fairness, including "*equal*" treatment toward each individual, and the defendant is making every conscious attempt to establish a <u>prima facie</u> case for relief. The defendant will make every attempt to bring forth his claim and hopes that the Court will acknowledge their mistakes and correct them promptly. (Refer to **8th and 14th Amendment(s), etc.**).

## II. <u>CONTENTIONS</u>

Defendant does not have the expertise, knowledge, or scholarship of a legal advisor or that of an Attorney, and in some ways draftsmanship of his petition will result in carelessness, thereby, should not be held to those stringent standards. However, defendant remains hopeful that he will be relieved of the wrongs against him and the prejudice that has resulted and allowed to continue unnecessarily. Thereby, pursuant to **321 F.Supp. At 573**, the US Supreme Court decisions have made it clear that "it {habeas corpus] is not now and never has been a static, narrow, or formalistic remedy; it's scope has grown to achieve it's grand purpose - the protection of an individual against erosion of their {constitutional] right to be free from a wrongful conviction" as established herein.

The standard review and legal standards consist of the independent or <u>de novo</u> standard of review is applicable in assessing whether the conviction and it's sentence correctly state the law and by it's realm. (See **<u>People v. Posey</u> (2004) 32 Cal.4th 193,218**). The California Court of Appeals, held "that the label given of a petition or cause of action is based on the facts alleged, and the remedy sought in that pleading"; and should be held to such standard herein. (See **Cod.Civ.Proc.§4215.10(a); and <u>Escamilla</u> <u>v. California Department of Corrections and Rehabilitation</u> (2006 DAR) 141 Cal.App.4th 498**).

A violation of the defendant's rights are being challenged , due to the defects that so effected the decision and the parties actions hereto. Thereby, violated the fundamental aspects of fairness, and an overall result in the same form as a "miscarriage of justice". (See **<u>In re Jones</u> (1993) 5 Cal.4th 813 {21 Cal.Rptr. 373]**). Further, "habeas corpus" proceedings are characterized as **civil** in nature and applicable laws or rules apply hereto. Where the duties require it, there is an inescapable <u>obligation</u> of the court's to ensure justice and fairness, and the defendant is making every conscious attempt to establish a <u>prima facie</u> case for relief. (See **<u>Fisher v. Baker</u> (1906) 203 U.S. 174, 181; and <u>In re Harris</u> (1993) 5 Cal.4th 813**).

In **Raines v. United States** (4th Cir. 1970) 423 F.2d 526-530, the appropriate standards... is this: {W]here the facts are inadequate and (clearly) disputed, the Court in habeas corpus **must** hold an Evidentiary Hearing (e.g., **Fed.Rule 8**). Therefore, an Evidentiary hearing is required {mandatory] and the Judge **must** appoint Counsel for a person who qualifies for appointment; just as the defendant does herein; under the **Criminal Justice Act**, and this would be a valuable function benefiting all parties.

It is in the highest tradition of American jurisprudence for the Judge to assist a person who represents himself, in lieu of the defendant's shortcomings' of a layman, and would be well within the bounds of judicial propriety to give any helpful suggestions; such as preparation, presentation of evidence, rules of substantive law, and so forth; which might aid the defendant in providing merits of his claims, and *it is* part of the judicial function and common practice. (See **People v. Redmond** (1969) 71 A.C. 775-778 {70 Cal.Rptr. 529-536; 457 P.2d 321-326]).

Defendant asserts his rights were violated under both State and Federal (laws) Constitution's; that ascertain and afford him of the guaranteed protection against the scrutiny of those prejudicial official's hereto, and concludes that the **Bill of Rights** were not adhered to, and the violations under *Hofsheier, Stow*, *and therein*. Thus, this resulted in the deprivation of rights and denial of a fair adjudication of the proceedings within the system itself, creating an inappropriate and inadequate process among the *"People"*. Thereby, the defendant contends a violation pursuant to "FRCP" §60(b)(3) - Fraud, to mean that judicial members had a predisposition... which implied a dishonest act..."; and "FRCP" §60(b)(4) - Due Process (equal to 14th Amendment), since "the official's compromises a pattern of conduct so egregious that it infected [refusal to equally distribute judicial discretion in conjunction with sentencing and plea agreement] the proceedings with such unfairness, as to make the conviction [and ultimately the sentence], a denial of Due Process" as clearly apparent with the case at bar. (See 14[th] Amendment, Cal.Const.Art. I §15 & 17; and **People v. Samayoa** (1997) 15 Cal.4[th] 795, 841; including therein.). This was a case based on "political" issues through the "People" and it's temptation of the media related to it [such as "sex-offender" frenzy] and nothing more, rather than to increase distribute equal protection for each individual and leaving the defendant to suffer for future penalties involved within this judicial discretion to award an "requirement" that has effectively become a non-requirement, but rather a "tool" involved herein!

There are contentions that fall under the **False Statement Accountability Act**, not only from the alleged judicial member's, but also, those authorizing the plea agreement whom used such measures, thus knowing that it is unlawful and against the "Equal Protection, thus, "concealment of facts" and "willful misrepresentation" of those judicial members that were actively involved with this unreasonable application of clearly established laws set forth by the State and Federal Court's, including the Rules and Procedures therein, whether in whole or in part: *is inexcusable*. (See 18 U.S.C.A. §1001; Title 28-

3

Judiciary and Judicial Procedure [misconduct and other acts]; and <u>Moore v. Calderon</u> (9th Cir. 1997) 108 D.3d 261; <u>People v. Thomas</u> (1992) 4 Cal.4th 206, 212).

The Supreme Court has ruled that, to hold an official liable for violating an individual's Constitutional rights, "the contours of the right must be sufficiently clear that a reasonable official would understand that what [he] is doing, violates that right". When it's clear that the "official's knew that this "registration" was not a "mandatory" or "requirement", but continued anyways, and not in accordance with the law, statute, or Constitutional rights itself. (see <u>Anderson v. Creighton</u> (1987) 483 U.S. 635, <u>640</u> [107 S.Ct 3034, <u>3039</u>; 97 L.Ed2D 523]; <u>Hunter v. Bryant</u> (1991) 502 U.S. 224, <u>226</u> [112 S.Ct. 534, <u>536</u>; 116 L.Ed.2d 589]).

## III. STATEMENT OF FACT

Therefore, to continue to accept a plea that was not made voluntary, thereby, he realized that he had in-fact, not been made fully aware of the circumstances of this plea' agreement, and only afterwards, had he found out that he was entitled to be relieved from such "mandatory" sex-offender registration, which was not sought at that particular time, including not knowing the **precise** details that were never discussed by any judicial member appropriately, or in complete detail, or otherwise clarified "upon a reasonable decision", or the after affects that will be required.

The duress was impossible to overcome the exercise of "free" judgment, since the defendant was not given any evidence, documents, including the necessary tools or materials for him to have made a clearly and vital "sound" judgment, or "exercise of 'free' judgment", but rather, relying solely on Defense Counsel, and the truthfulness' and fairness of the "system" judicial process. Therefore, he couldn't have known such, considering all the factors that would have been necessary to make a just result, especially when Defense Counsel, knowingly and willingly withheld information, including making this "mandatory" act of a *future* punishment become a reality and induced into the plea' agreement, and those other judicial member's involved whom all knew better.

As in <u>People v. Stow</u> (2006) Case No. TCF 144170, *5th Federal District Court* has remanded her case back to the Tulare Superior Court to change the requirements of her case; and this Court should do the same to resolve the claims and issues at hand, thus, remove the defendant's registration requirement. Within <u>Stow</u> she contended that the **Section 290, subdivision (a)(1)(A)**, mandatory lifetime registration requirement violates Equal Protection, because it mandates those convicted of engaging in acts of oral copulation with a minor, but, not those convicted of unlawful sexual intercourse with a minor, and the "People" conceded the issue.

The decision was supported by the case recently by the California Supreme Court which decided this issue in **People v. Hofsheier, (2006) 37 Cal.4th 1185**, the Court held "that the statutory distinction in **PC §290**, requiring mandatory registration for those convicted of voluntary oral copulation with a minor, the age of 16 or 17, but not of someone convicted of voluntary sexual intercourse with a minor of _that_ age, violates the **Equal Protection Clauses** of both the state and federal Constitutions. (See _id._, at p.1206)

The proper remedy under these circumstances is to remand the matter to the Trial Court for the Court to exercise it's discretion pursuant to **Section 290, subdivision (a)(2)(E)**, to require lifetime registration, thus being stricken from the defendant's record immediately. (See _id._, at p.1208). Thereby, this should have fell under this scrutiny and not been able to withstand!

The relief specified for the Court to vacate the mandatory requirement of sex-offender registration and it's certificate of release are found with the California's own Penal Code(s). In light of ex post facto laws, but not limited to, **PC §290.5 and §290.6**, I the {defendant} shall be relieved from registration requirements, and the dismissal and discharge should be notable that any future "registration" is not required in the furtherance of justice, also pursuant to **Criminal Law §186**, thus be exempt. The defendant is also aware that pursuant to **PC §1237**, the removal from the State and Federal database and systems, shall be initiated immediately upon this order to prevent any further irreparable harm, or that which the "after-shock" of the methods used to impose this condition has been used as herein indicated. (Refer to **PC §(§) 290(a)(2)(E), 290.5, and 290.6; including Hofsheier and Stow, infra**).

Thereby, "when the balance falls clearly in favor of the defendant, a trial court not only may, but should exercise the powers granted to them and grant "review", thus, should ultimately require a dismissal, and yet have failed to do so. (See **Howard, supra at 69 Cal.2d 505**).

His "ignorance' as might be implied by the judicial member's, is in-fact a validity issue, because of the non-existence of such plea' agreement "plain language", which was difficult to understand by the defendant at such time, only briefly explained by counsel, thereby,.. making it confusing and almost having to have a "scholarship within legal terminology" or "legal jargon" as it was interpreted. The defendant, did not just change his mind, however, he realized that he had been taken advantage of by the "official's of the judicial process" system, and that he did have a substantial and worthy case, which he was denied the right of such opportunity.

By utilizing this method to sustain this provision, violates the law and the defendant's rights pursuant to those under the State and Federal "guidelines", thus, could be considered as a form of "cruel and unusual punishment". To set the record straight in furtherance of justice and equal distribution of law, if not for the "perjured" testimony/statement "lies", the defendant would most likely not have had to register under this "mandatory" "requirement" registration as indicated herein, however, the judicial

5

member's made a mockery of their testimony/statement, however, the judicial members did nothing to prevent this from being entered and accepted by the Court, thus continues to punish the defendant for an act of such magnitude and should have suspended, thereby, should remain to reconsidering him as innocent by the law. (See <u>U.S. v. Dambly</u> (S.D.N.Y. 1996) 945 F.Supp. 672 - affirmed by 134 F.3d 490; Larrison Rule; and <u>U.S. v. Lebovitz</u> (W.D.Pa. 1984) 586 F.Supp. 265 - affirmed by 746 F.2d 1468).

By reviewing this case requires consideration of important criteria's (1) of the totality of the circumstances, including the nature of the defendant; (2) comparison of sentences imposed on others {males and females] in the same jurisdiction; and (3) comparison of sentence imposed received by others [] for the same crime in other jurisdictions, and these were not contributing facts in the decision and must be evaluated now and thereby preventing any further prejudice and harm to the defendant. (See **Harmelin v. Michigan** (1991) 501 U.S. 957 [111 S.Ct. 2680; 115 L.Ed.2d 836; **In re Lynch** (1972) 8 Cal.3d 410, 425-27 [105 Cal.Rptr. 217]; **therein**).

"Defendant's failure to object also would not preclude his asserting on an Appeal [habeas corpus] that he was denied his constitutional rights (especially that of a right to a jury trial on all enhancements). (See **People v. Saunders** (1993) 5 Cal.4th 580, 589, fn. 5). As the Court later summarized in a later opinion:

> Not all of errors are prohibited in the absence of a timely objection in the trial court. A defendant is not precluded from raising for the first time on appeal [habeas corpus] a claim asserting the deprivation of certain fundamental Constitutional rights as indicated herein. (<u>id.</u> at p 592; **People v. Holmes** (1960) 54 Cal2.d 442, 43-44 [constitutional right to a jury trial on *all* facts]; cf. **People v. Walker** (1991) 54 Cal.3d 1013, 22-23 [constitutional nature of claim to rule that trial court failed in a claim that error is waived absent timely objection]; and **People v. Vera** (1997 (15 Cal.4th 269, 76-77, **emphasis added**).

Knowing that the Court's will not generally assist upon such objection considerations, however, the Court has rebuffed similar objections and the futility exception should also apply where the statutory or case law binding the lower Court at the time would have precluded the claim. (See **People v. Hill** (1998) 17 Cal.4th 800, <u>820</u> [prosecutorial misconduct]; and **People v. Abbaszadeh** (2003) 106 Cal.App. 642, 48-49 [judicial misconduct]). Thereby, there should be no waiver where the lower Court was bound by a Higher Court on the issue. (See **People v. Birks** (1998) 19 Cal.4th 108, 116, fn. 6).

Both the California Supreme Court and the Federal District and Circuit's have held that the conventional errors on placing unlawful requirements on any person are subjected to the *Chapman* standard. (See **People v. Sengpadychith** (2001) 26 Cal.4th 316, 24; **People v. Scott** (2001) 91 Cal.App.4th 1197, 1209, 11; and <u>United States v. Garcia-Guizar</u> (9th Cir. 2000) 234 F.2d 483, 88-89).

Thereby, creating a *harmless* error!

Within the *Chapman* standard reviewed hereto, the defendant was also denied the "effective assistance of counsel" (known hereas "IAC"). This includes the periods when his attorney failed to make meritorious objections to highly inflammatory, inadmissible, and prejudicial evidence or arguments, thereby, not ascertaining petitions (.i.e., **PC §(§)1538.5, 1385**) and in accordance with the Constitution (6th, 8th, and 14th **Amendment's**) and California Constitution **Article I §15 and §17**, violated client-attorney rights.

It is to be construed that counsel's performance failed to meet the *standard* expected of reasonable competent attorney's, whom shall know all laws or structures which their client is waiving or conditions of such plea agreements and bylaws contributing to it, thereby, the attorney's performance resulted in prejudice of defendant's case, especially since "it was predicated that the <u>**Cunningham**</u> case was to be supported by the U.S. Supreme Court" and measures were already taken to resolve the conflict(s) before they arise, however, in this case, they were not, and counsel failed to be aware of such. (See <u>**Chapman**</u>, supra; <u>**Strickland v. Washington**</u> (1984) 466 U.S. 68, 86 [80 L.Ed.2d 674; 104 S.Ct. 2052]). Bottom line is Judge's have limits to their discretion in sentencing defendant's and the U.S. Supreme Court has <u>held repeatedly that Judge may not increase a defendant's sentence based solely on facts therein not determined by a jury</u>. (Refer to Justice Ruth Bader Ginsberg's opinion). This is a <u>wrongful conviction</u> that needs the attention and review and possibly be directed to the **California Commission of the Fair Administration of Justice** (*Director Gerald Uelman*) and *requires* a sentencing hearing, thus, the equal protection (and due process) rights have been violated herein.

In **Bivens v. Groose** (C.A. 8Mo. 1994) 28 F.3d 62 - the "IAC" under the *Strickland* and *Chapman* standard undoubtly falls under these guidelines herein at the very least. "One of the principal tasks of a Defense Attorney is to protect [his] client from admission of evidence that is more prejudicial than probative...". (See **In re Jones** (1996) 13 Cal.4th 552, 81). Therefore, trial counsel's unreasonable failure to adequately object {or filing petitions] to the admission or exclusion of evidence constitutes "IAC" as indicated in the instant case. (**id., at pp. 581-88**). "In order to render reasonably competent assistance, a criminal defense attorney shall investigate carefully the *possible* grounds for seeking the suppression of incriminating evidence...:. however, there was no Motion filed on defendant's behalf for the removal of the registration in accordance with the law, statue, and case(s), and so forth. (**id., at p. 582**). There simply is no satisfactory explanation for counsel's failure! No tactical advantage for the client is plausible for failing to raise or object to such inflammatory evidence or statements (by initiating the provisions under a plea agreement that included registration)! Also, allowing prosecutorial misconduct to infect the trial, could not possibly shield the defendant from prejudice, as was counsel's [primary] duty. (See **Fed.Rules.Crim. Proc., Rule 11; <u>Boykin v. Alabama</u>** (1969) 395 U.S. 238;

People v. Wilson (1992) 3 Cal.4th 926, 36; also refer to People v. Plager (1987) 196 Cal.App.3d 1537, 43; People v. Moreno (1987) 188 Cal.App.3d 1179, 91; People v. Marquez (1986) 188 Cal.App.3d 363, 68).

This resulted in extreme harm and prejudice to the defendant. Because the misconduct involved federal Constitutional error, the burden is on the prosecution to prove "beyond a reasonable doubt" that the error did not contribute to the decision" and that it did not infect the trial. However, this has not prevented the defendant from continuing to suffer from the court's neglect and not founded guilty verdict other than a plea that has an recanted statement in the record and all judicial member's have failed to correct the wrongs against the defendant and it's neglect. (See People v. Bolton (___) 23 Cal.3d 208, 12 - citing Chapman, infra at 386 U.S. 18, 24; and People v. Herring (1993) 20 Cal.App.4th 1066, 76-77).

Prosecutorial Misconduct. The prosecution infringed on the defendant's Constitutional and statutory rights and was not content with the inconsistencies in the evidence, testimony, and continuously and improperly made statements of inflammatory verbiage rather than applying the law accordingly as specified herein.

A prosecutor has a duty to prosecute vigorously, but while [he] may strike hard-blows, he is not at liberty to strike foul ones, and it is as much his duty to refrain from improper methods calculated to produce a wrongful conviction, including knowing the innocence of an individual and not of the passion of the case, as it is to use every legitimate means to bring about a just one, however, there is no doubt that this was an underhanded one! (See People v. Pitts (1990) 223 Ca.App.3d 606, 91; and People v. Hill (1998) 17 Cal.4th 800, 20).

The role of the prosecution "The People" far transcends the objective of high scores of conviction; it's function is rather to serve as public instrument of inquiry, and pursuant to her tenets of the decisions, to expose the facts", and it's apparent that with the case at bar this is not the case and was abused. (see People V. Daggert (1990) 225 Cal.App.3d 751, 59). The applicable State and Federal standards regarding prosecutorial misconduct are well established, thus, "conduct by a prosecutor that does not render a criminal trial fundamentally fair, is prosecutorial misconduct under state law, and must be considered herein, and requires the intervention of the federal Court's if necessary, since it involves " use of deceptive or reprehensible methods to attempt to persuade the Court", and ended with coercion. (See Samayoa, infra at 841). Besides, "the words of the 'official representative of the people' carry great weight", and should not be viewed as lightly as currently within the instant case. (See Pitts, infra at 694).

Thereby, resulted in a plea "bargain", which was known to be unlawfully accepted an initiated by the judicial members therein. Also, there was no consideration of the "Alternative Sentencing" program nor any other systematic plans to resolve the minor concerns such as the case at bar; and not clogging the "system" any further with trivial incidents, however, primarily using his past as the basis for such decision and upholding on the grounds that are known to be held as unlawful by *all* Court's.

In the event the Court does not find the error to be of federal constitutional genesis, the defendant additionally contends that it is reasonably probable in the absence of the error, a result more favorable to him would have resulted, and requires review and reversal as herein indicated. (See **People v. Watson** (1956) 46 Cal.2d 818, 36).

It is obvious that the use of the Penal Codes, statutes, and other laws and factors were not appropriately distributed in their relevant and accurate capacity to the defendant's trial altogether, and they were used to impose, rather than evaluated in contention to this improperly applied condition of a "lifetime mandatory requirement" of a registered sex-offender, but rather, conclusively, *only against him* for future usage. However, no matter how it comes down, ultimately, it is upon the Judge to research and interpret the laws and plea agreement(s) to ensure compliance and effectiveness toward the conditions, charges, and conduct of those legally trained personnel before pronouncing a judgment that may later be challenged. (See **United States v. Guzman-Bruno** (9th Cir. ____) 27 F.3d 420; **Miller v. Florida** (1987) 428 U.S. 423 [107 S.Ct. 2446; 96 L.Ed.2d 351]; **People v. Ellis** (1987) 195 Cal.App.3d 334 [240 Cal.Rptr. 708]).

Further, there was no following of the substantive evidence standard pursuant to the **Little Tucker Act** of **28 U.S.C.A. §1346** accordingly. Defendant did not engage in violent conduct as persuaded by the Probation Officer's Report ("POR") for the offense to be awarded an 85 percent credit earnings and should have been awarded 50 percent credit earnings. However, the judicial members took advantage of a position of "trust and confidence" of the defendant and the public by suggesting such a plea {bargain} and then by placing such conditions as indicated herein, is constituted as an act more than a grave standard by those "official's" acting for the "People".

The summation would be best formulated within **Title 28**, and considered as method of "willful misrepresentation by the judicial member's conclusively. Therefore, under American jurisprudence, all conditions within a conviction [and conditions alike] should always render "faithful" proceedings, thus, by upholding this, causes erosion within, and it's by continuing with this inept decision used by presumptive acts are invalid and deceitfully hiding it from the public, rather, than adhering to the duty appointed therein.

Also, the adverse affects of the judicial propriety of the proceedings has been a detrimental of collateral consequences, and contributes to daily living and effects thereof. Therefore, the deceitfulness and cunning acts played on the "consciousness and confidence" of the public and the defendant has created impropriety, and it would be in the satisfaction by formatting the credit earnings of the 85% to receive 50 percent, and **the mandatory requirement of the sex-offender registration should be stricken**. This could be concluded as the plea was obtain under "fraudulent" deception and shall be precluded pursuant to **PC §1157 and PC §1192**.

Thereby, it's only being tailoring toward it's probative value against the defendant, rather than serving "justice" and for the "People". Basically, to equate this would be to evaluate it as a form of "miscarriage of justice" and injustice in itself otherwise! To consider the instant case as having been violent in connection with statutes has gone "too far"!

Otherwise, it would be discriminatory toward the defendant, rather than providing a factual basis for upholding the unlawful sentence as it stands and it's "provision's as discussed herein. There was no real need or "requirement" as supported by the definition of case's and laws, thus, the sentencing scheme used is inconsistent with the furtherance of justice. Thereby pursuant to **PC §667 (b)-(i)** should be replaced with **PC §1385 and 654**, thus award the defendant 50 percent pursuant to **PC §2933**, instead of an automatic reversal.

## IV. PRAYER FOR RELIEF

Thereby granting the issuance of the defendant's "Writ" and order compliance with the sentencing Court to correct and provide an 'Amended' Abstract of Judgment ("AoJ") that would be of a great advantage to all parties. Therefore, ordering the defendant's immediate vacate of the **mandatory requirement of the sex-offender registration**. Additionally, ordering the correction for the defendant's time served in reference to the credit earnings and the overage be subtracted from his parole period. This would be deemed just and appropriate, considering the unlawful practice of the judicial members thereof.

Pursuant to **Hofsheier and Stow** they were relieved of their "mandatory" sex-offender registration requirements. While **Stow** had sex with three under age boys, therefore, there is similarity herein and not much of a difference, and the defendant should be relieved {vacate} of such requirement and as well.

Therefore, the defendant moves the Court will adequate and effectively "review" his Writ of Habeas Corpus, thus he has provided the necessary Motion for the court to award an Order to grant relief as indicated herein of his Petition, Memorandum of Points And Authorities, and therein. Otherwise, the defendant is without remedy save by this Writ.

10

WHEREFORE, the defendant prays this Court:

1. Issue and Order, granting his Writ of Habeas Corpus:
2. Declare the rights of the defendant;
3. Issue an Order mandating immediate compliance with the Court's decision by all "official's";
4. Vacate the mandatory requirement of the sex-offender registration:
5. Replacement of the 85% with 50% percent credit earnings:
6. Adjustments according thereafter in the furtherance of justice:
7. Appoint and award Attorney fess and costs: and
8. Grant any other and further relief the Court deems proper and just.

//
//

## V. DECLARATION

I, the undersigned, as the defendant in the above-entitled matter, have read the foregoing petition, and facts related herein are true and correct to the best of my knowledge, except as to those matters that are therein, which stated on belief as to those matters, I believe them to be true. I declare under the penalty of perjury that the foregoing is true and correct, and this declaration was executed on this _15TH_ day of _JULY_, 200_7_, at _SAN DIEGO_, California.

Respectfully submitted,

_Edward M. Saenz Jr._
IN PROPRIA PERSONA

//
//

11