# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SAENZ, Jr.,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SECRETARY OF THE DEPT. OF CORR.<br>AND REHAB, et al.,<br><br>　　　　　　Respondents. | Civil No.　08-0566 WQH (JMA)<br><br>**ORDER REOPENING CASE AND**<br>**SETTING BRIEFING SCHEDULE** |

On March 25, 2008, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (West 2007). [Doc. No. 1.] On April 3, 2008, this Court issued an Order dismissing the case without prejudice for Petitioner's failure to (1) pay the filing fee or move to proceed in forma pauperis; (2) use the proper form; (3) name a proper Respondent; (4) allege exhaustion of state judicial remedies; (5) state a cognizable federal claim; and (6) meet the requirement that he be in custody at the time he filed his Petition. [Doc. No. 3.]

On April 18, 2008, Petitioner paid the $5 filing fee [doc. no. 4], and on April 18, 2008, he filed a First Amended Petition. [Doc. No. 6.] The Court dismissed the First Amended Petition on April 23, 2008, because Petitioner had failed to use the proper form, failed to name a proper respondent, failed to allege exhaustion of his state judicial remedies, failed to state a cognizable federal claim and failed to satisfy the in custody requirement for 28 U.S.C. § 2254

petitions. [Doc. No. 7.] Petitioner was given until June 30, 2008, to file a Second Amended Petition which cured the pleading deficiencies outlined in the Court's Order.

On May 21, 2008, Petitioner filed a Second Amended Petition. [Doc. No. 8.] The Court dismissed the petition on June 5, 2008, because Petitioner had again failed to name a proper respondent, and failed to satisfy the "in custody" requirement. [Doc. No. 9.] Petitioner was given until July 28, 2008, to file a Third Amended Petition. He was also advised that if he did not correct the pleading deficiencies outlined in the Court's dismissal Orders, his case would be dismissed without prejudice but without further leave to amend. He was further advised that if he wished to pursue this matter, he would have to start over with newly filed petition. (*Id.*)

On July 8, 2008, Petitioner filed a Third Amended Petition and a Memorandum of Points and Authorities in Support of the Petition [doc. nos. 10, 12.]. Based on this Court's review of these documents, the Court **ORDERS** that this case be reopened. Further, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Third Amended Petition, **IT IS ORDERED** that:

1. The Clerk of this Court shall promptly (a) serve a copy of: (1) the Third Amended Petition; (2) the Memorandum of Points and Authorities in Support of the Petition; and (3) this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **September 4, 2008**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which

Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

   3.   If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **October 6. 2008**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

   4.   Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

   5.   If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>as well as points and authorities in support of such answer</u>, no later than **September 19, 2008**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

   6.   Petitioner may file a traverse to matters raised in the answer no later than **October 20, 2008**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered.

/ / /

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

1  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause
2  shown.

3        7.    A request by a party for an extension of time within which to file any of the
4  pleadings required by this Order should be made in advance of the due date of the pleading, and
5  the Court will grant such a request only upon a showing of good cause. Any such request shall
6  be accompanied by a declaration under penalty of perjury explaining why an extension of time
7  is necessary.

8        8.    Unless otherwise ordered by the Court, this case shall be deemed submitted on the
9  day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10        9.    Every document delivered to the Court must include a certificate of service
11  attesting that a copy of such document was served on opposing counsel (or on the opposing
12  party, if such party is not represented by counsel). Any document delivered to the Court without
13  a certificate of service will be returned to the submitting party and disregarded by the Court.

14        10.    Petitioner shall immediately notify the Court and counsel for Respondent of any
15  change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner
16  may be contacted, this action will be subject to dismissal for failure to prosecute.

17  **IT IS SO ORDERED.**

19  **DATED: July 17, 2008**

**Jan M. Adler**
**U.S. Magistrate Judge**