EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
ERIKA HIRAMATSU, State Bar No. 190883
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-2224
 Fax: (619) 645-2191
 Email: Erika.Hiramatsu@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD MARTIN SAENZ, JR.,** | 08-0566 WQH (JMA) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| **v.** | |
| **SECRETARY OF THE DEPT. OF CORR. AND REHAB., et al.,** | (Oral Argument Not Requested) |
| Respondents. | The Honorable Jan M. Adler United States Magistrate Judge |

## INTRODUCTION

Petitioner Edward Martin Saenz, Jr., seeks habeas corpus relief from a valid judgment of conviction in San Diego County as a result of a negotiated plea that was entered on June 23, 2003. The change of plea form reflects that prior to pleading guilty, Saenz was advised he would be required to register as a sex offender. On July 23, 2003, the court sentenced Saenz to three years in state prison. Saenz is currently on parole, and therefore in the "custody" of the Board of Parole

Hearings.[1/]

Saenz did not seek an appeal from his conviction, and the one-year statute of limitations expired on September 20, 2004. He took no action whatsoever until July 15, 2007, about when he filed a state habeas petition in the superior court. At that time, the statute of limitations had expired by two years, ten months, and over one week. Like the superior court, the California Court of Appeal rejected Saenz's petition. When Saenz filed an untimely petition for review in the California Supreme Court, the state's highest court refused to grant him relief from default. By the time Saenz filed his Third Amended Petition in this Court on July 7, 2008, the statute of limitations had expired by three years and more than nine and one-half months. This Court should deny and dismiss the petition with prejudice.

## STATEMENT OF THE CASE

In exchange for Saenz's plea of guilty to one count of committing a lewd an lascivious act "on the body part of [a] child under the age of 14 years old with the intent of arousing and gratifying" Saenz's sexual desires, the District Attorney dismissed a second count alleging the same conduct, as well as special allegations of substantial sexual conduct as to both counts. (*See,* Lodgments 1 (Fel. Comp.); 2 (Min. Order, Cal. Super. Ct. No. SCD173567); 3 (Fel. Plea Form) at 1, 3.) At the time of his plea, the court indicated it anticipated sentencing Saenz to the low term of three years in state prison. (Lodgment 3 at 1.) The plea form shows Saenz was advised he would face registration as a sex offender as a consequence of his guilty plea. (Lodgment 3 at 2-3.)

On July 22, 2003, the court sentenced Saenz to three years in state prison. (Lodgment 4 (Min. Order, Cal. Super. Ct. No. SCD173567).) Saenz did not file an appeal.

On July 15, 2007, Saenz dated and signed a state habeas petition that was filed by the San Diego Superior Court on July 20, 2007. (Lodgment 5 (Super. Ct. Pet. No. HC19005) at 6.) Saenz claimed that the "mandatory" lifetime sex offender registration requirement of Penal Code section 290 violated his "Equal Protection Clause" and "Due Process" rights, "based on the holding of Hofsheier and Stow" (apparently referring to *People v. Hofsheier*, 37 Cal. 4th 1185, 129 P.3d 29 (2006), and later citing "People v. Stow (2006) Case No. TCF 144170, 5th Federal District Court").

---

1. *Jones v. Cunningham*, 371 U.S. 236, 243-44, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963).

1    (Lodgment 5 P. & A. at 1; 3-5, 10; Pet. P. & A. at 1; 3-5, 10.)

2          The Superior Court denied Saenz's habeas petition on September 11, 2007, stating,

3    preliminarily, "Petitioner presents no evidence to support his allegations that courts are picking and

4    choosing which defendants can be relieved of mandatory registration requirements. . . .  Vague or

5    conclusory allegations do not warrant habeas relief. . . ." (Lodgment 6 at 2 (citing *People v. Duvall*,

6    9 Cal. 4th 464, 886 P.2d 1252, 1258 (1995)).)  As to Petitioner's claim regarding the registration

7    requirement and *People v. Hofsheier*, the superior court observed,

8         [T]he facts of petitioner's conviction and those involved in *Hofsheier* are noticeably
          different. First of [all], Hofsheier was convicted of having oral copulation with a 16 year
9         old minor.  Petitioner was convicted of a lewd and lascivious act upon a child.  Hofscheier
          was able to challenge his registration requirements because another type of sexual conduct
10        with the same victim would not require registration.  Here, there is no other type of
          conduct that would not require registration.  Thus, there is no equal protection argument
11        here as there was in *Hofsheier*.

12    (*Id.* at 2-3.)  The court concluded that Saenz had failed to make a prima facie showing on any other

13    claim, and denied his petition.  (*Id.* at 3.)

14          Saenz attached the superior court's written denial to a two-page request to the California

15    Court of Appeal to review his habeas claims "de novo," dated September 25, 2007, which the Court

16    of Appeal filed on October 10, 2007.  (Lodgment 7 (Ct. App. No. D051810) at 2.)  The Court of

17    Appeal denied the petition on January 31, 2008, stating, "[P]etitioner presents no specific legal claim

18    for relief, facts, or documentary support.  The petition is therefore denied for failing to state a prima

19    facie case for relief."  (Lodgment 8 (Ct. App. Order Denying Pet.).)

20          Saenz submitted a petition for review, which the California Supreme Court received on

21    February 14, 2008.[2/]  (Lodgment 9.)  On February 26, 2008, Saenz filed an application for relief

22    from default, which the state high court rejected.  (Lodgment 10.)

23                              **STATEMENT OF FACTS**

24          The nature of Saenz's offenses is not relevant to resolve the issues in this Motion to

25    Dismiss; Saenz pled guilty prior to a preliminary hearing.

26    _____

27          2. Respondent was unable to obtain copies from either the state supreme court or appellate
      courts of Petitioner's petition for review or application for relief from default.  Pursuant to Federal
28    Rule of Evidence 201, Respondent requests this Court take judicial notice of the information printed
      from Petitioner's California appellate case information Web site and lodged as Lodgment 9.

08cv0566

1

**ARGUMENT**

2

**I.**

3

4

**THE PETITION IS BARRED BY THE STATUTE OF LIMITATIONS UNDER 28 U.S.C. § 2244(D) AND SHOULD BE DISMISSED WITH PREJUDICE**

5      Because the present petition was filed after April 24, 1996, it is governed by the

6 Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Smith v. Robbins*, 528 U.S. 259, 268,

7 n.3 (2000). As amended by AEDPA, 28 U.S.C. § 2244(d) delineates a one-year statute of limitations

8 within which a state inmate must file a federal habeas corpus petition, subject to tolling provisions

9 and certain exceptions.[3/]

10      For the purposes of AEDPA's statute of limitations, Saenz's conviction became final when

11 his time to file a notice of appeal expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6, 107 S. Ct.

12 708, 93 L. Ed. 2d 649 (1987) ("By 'final,' we mean a case in which a judgment of conviction has

13 been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed

14 or a petition for certiorari finally denied"); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir.

15 1999); *Moshier v. United States*, 402 F.3d 116, 118-19 (2d Cir. 2005); *see also Sanchez-Castellano*

16 *v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *United States v. Garcia*, 210 F.3d 1058, 1060

17 n.4 (finding consistency in "[a] definition of finality that coincides with the end of the time available

18

19      3.  28 U.S.C. § 2244(d) states:

20      (1) A 1-year period of limitation shall apply to an application for a writ of habeas
21 corpus by a person in custody pursuant to the judgment of a State court.  The
limitation period shall run from the latest of –
22           (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;
23           (B) the date on which the impediment to filing an application created by State
24 action in violation of the Constitution or laws of the United States is removed, if the
applicant was prevented from filing by such State action;
25           (C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly recognized by the
26 Supreme Court and made retroactively applicable to cases on collateral review; or
27           (D) the date on which the factual predicate of the claim or claims presented
could have been discovered through the exercise of due diligence.
28      (2) The time during which a properly filed application for State post-conviction or
other collateral review with respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation under this subsection.

08cv0566

4

for direct appeal"). Being in California, that date was sixty days after Saenz's sentencing, on September 20, 2003. Cal. R. Ct. 8.308; *Lewis v. Mitchell*, 173 F. Supp. 2d (C.D. Cal. 2001). The limitations period began to run the following day, September 21, 2003, and absent tolling would expire on September 20, 2004. *Bowen v. Roe*, 188 F.3d 1157, 1160 (9th Cir. 1999); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001); Fed. R. Civ. P. 6(a).

**A.    Petitioner Is Not Entitled To Any Statutory Tolling; The Petition Is Untimely**

By the time Saenz filed his first state habeas petition, the limitations period had already expired. Moreover, the California Supreme Court expressly refused to consider his petition for review, which was untimely. *See* Cal. R. Ct. 8.500(e)(1).[4] The habeas petition therefore was not "properly filed" in the state's highest court for purpose of statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). Because Saenz filed his Petition after the one-year statute of limitations had expired, it should be dismissed as untimely.

**B.    Petitioner Is Not Entitled To Equitable Tolling**

The AEDPA limitations period may be subject to equitable tolling, but only where "extraordinary circumstances" beyond the prisoner's control made it impossible for him to file a timely petition *and* he has been pursuing his rights diligently. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *Rasberry v. Garcia,* 448 F.3d 1150, 1153 (9th Cir. 2006); *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1288-1289 (9th Cir. 1997), *overruled on other grounds by Calderon v. U. S. District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc). The burden of demonstrating grounds warranting equitable tolling rests with the prisoner. *Beeler*, 128 F.3d at

---

4. Rule 8.500(e)(1) provides:

A petition for review must be served and filed within 10 days after the Court of Appeal decision is final in that court under rule 8.264. For purposes of this rule, the date of finality is not extended if it falls on a day on which the clerk's office is closed.

Under Rule 8.264(b)(2)(A), "[t]he denial of a petition for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause" is final in the Court of Appeal upon filing.

08cv0566

1289; *Pace v. DiGuglielmo,* 544 U.S. 408; *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004).

The district courts have been cautioned to be mindful of Congress's desire to accelerate the federal habeas corpus process. *Beeler*, 128 F.3d at 1289. A petitioner must establish that the extraordinary circumstances caused the delay. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2nd Cir. 2000) (holding that the prisoner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing"); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (rejecting equitable tolling claim because, even if temporary closure of prison library constituted extraordinary circumstances, prisoner "has not shown how this lack of access caused his delay in filing").

Saenz has offered no basis for equitable tolling in this case. The earliest he could claim he began pursuing state habeas review was on July 15, 2007, the date of his signature. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Because that date preceded the expiration of the statute of limitations by more than three years, two months, his lack of diligence precludes equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. at 418; *Roy v. Lampert*, 465 F.3d 964, 969-70 (9th Cir. 2006).

///

///

///

08cv0566

1

**CONCLUSION**

2    Because the Petition for Writ of Habeas Corpus was not timely filed, the Petition should

3    be dismissed with prejudice.

4    Dated:  September 10, 2008

5                                    Respectfully submitted,

6                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

7                                    DANE R. GILLETTE
                                     Chief Assistant Attorney General
8
                                     GARY W. SCHONS
9                                    Senior Assistant Attorney General

                                     KEVIN VIENNA
10                                   Supervising Deputy Attorney General

11

12                                    s/Erika Hiramatsu
                                     _____
13                                   ERIKA HIRAMATSU
                                     Deputy Attorney General
14                                   Attorneys for Respondent

15

16   80280442.wpd
     SD2008700706
17

18

19

20

21

22

23

24

25

26

27

28

08cv0566