UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD MARTIN SAENZ, JR. | ) | Civil No. 08-CV-0566-WQH (JMA) |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| SECRETARY OF THE DEPT. OF CORR. AND REHAB., et al., | ) | |
| Respondents. | ) | |

**1.  Introduction And Procedural Background.**

Petitioner is a state parolee.  On June 23, 2003, he pled guilty to one count of a lewd act upon a child in violation of Cal. Penal Code § 288(a).  (Rspt.'s Lodgment Nos. 1 & 3.)  On July 22, 2003, the court sentenced Petitioner to three (3) years in state prison.  (Rspt.'s Lodgment No. 4.)  Petitioner did not appeal his conviction.  (Third Amended Petition [doc. no. 10] at ¶¶ 10-13.)

//
//

Petitioner waited almost four (4) years before filing the first of three state petitions for collateral review. (See Rspt.'s Lodgment Nos. 5, 7, & 9.)  On July 20, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in San Diego Superior Court (Case No. HC 19005), contending that he was entitled to be excused from lifetime sex-offender registration under Cal. Penal Code § 290.  (Rspt.'s Lodgment No. 5.)  That court denied the petition on September 11, 2007. (Rspt.'s Lodgment No. 6.)  On October 10, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the California Court of Appeal (Case No. DO51810), raising the same claim raised in his petition filed in the superior court.  (Rspt.'s Lodgment No. 7.)  On January 31, 2008, that court denied the petition.  (Rspt.'s Lodgment No. 8.)

On February 14, 2008, Petitioner attempted to file a Petition for Review in the California Supreme Court (Case No. S161199), raising the same claim raised in his state petitions for collateral review.  (Rspt.'s Lodgment No. 9.)  The record reflects that the California Supreme Court rejected the petition on procedural grounds, and Petitioner filed an Application for Relief from Default on February 26, 2008.  (Id.)  On March 3, 2008, that court denied Petitioner's application and returned his Petition for Review to him.  (Rspt.'s Lodgment No. 10.)

On March 25, 2008, Petitioner filed his first Petition for Writ of Habeas Corpus in United States District Court, contending that he is entitled to be excused from lifetime sex-offender registration under Cal. Penal Code § 290.  (Petition [Dkt. No. 1].)  After the Court ordered the Petition dismissed without prejudice and with leave to amend for multiple procedural defi-

ciencies [Dkt. No. 3], on April 23, 2008, Petitioner filed a First Amended Petition raising the same claim. [Dkt. No. 6] On May 5, 2008, the Court dismissed that petition without prejudice and with leave to amend [Dkt. No. 7] and, on May 21, 2008, Petitioner filed a Second Amended Petition. [Dkt. No. 8] After the Court ordered the Second Amended Petition dismissed without prejudice and with leave to amend on June 5, 2008 [Dkt. No. 9], Petitioner filed a Third Amended Petition on July 8, 2008. [Dkt. No. 10]

On September 10, 2008, Respondent filed a Motion to Dismiss the Third Amended Petition, contending that it is time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)[1]. [Dkt. No. 16.] Petitioner did not file an Opposition to the Motion to Dismiss.

As discussed below, the Third Amended Petition should be dismissed with prejudice because it is time-barred.

**2.   The Third Amended Petition Is Time-Barred Under The AEDPA.**

The Third Amended Petition should be dismissed. The AEDPA's statute of limitations applies to Petitioner's presentation of

---

[1] 28 U.S.C. § 2244(d)(1) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

1 | claims in this Court.  Calderon v. U.S. District Court (Beeler),
2 | 128 F.3d 1283, 1286-1287 (9th Cir. 1997), as amended on denial of
3 | rhg. and rhg. en banc, cert. denied, 522 U.S. 1099 (1998),
4 | overruled on other grounds in Calderon v. U.S. District Court,
5 | 163 F.3d 530 (9th Cir. 1998), cert. denied, 523 U.S. 1063 (1999).
6 | Because he did not file a direct appeal, Petitioner's conviction
7 | became final on September 20, 2003, 60 days after he was sen-
8 | tenced in state court on July 22, 2003.  (Cal. Rules of Court,
9 | Rule 8.308; Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D.
10 | Cal. 2001)).  Accordingly, absent any applicable tolling,
11 | Petitioner had until September 21, 2004 to file his federal
12 | habeas Petition.[2]  Id.; see Patterson v. Stewart, 251 F.3d 1243
13 | (9th Cir. 2001)(Rule 6(a), F.R.Civ.P., governs the calculation of
14 | the 1-year statute of limitations period of the AEDPA).
15 |     As set forth above, Petitioner did not file his original
16 | federal Petition until March 25, 2008, three and one-half (3½)
17 | years after the statute of limitations had expired on September
18 | 21, 2004.  Because the 1-year statute of limitations had already
19 | expired when Petitioner filed his first federal petition in this
20 | Court, the Third Amended Petition is time-barred.
21 | //
22 | //

---

[2] Petitioner did not file his petition for writ of habeas corpus in San Diego Superior Court until July 20, 2007, almost three (3) years after the federal statute of limitations had expired on September 21, 2004.  Thus, the pendency of that petition, or any other petition filed subsequently by Petitioner, could not toll the already-expired limitations period pursuant to 28 U.S.C. § 2244(d)(2).  See Calderon v. U. S. District Court, 128 F.3d 1283, 1287 (9th Cir. 1997), overruled in part on other grounds by Calderon v. U.S. District Court, 163 F.3d 530 (9th Cir. 1998).

**3.   Conclusion and Recommendation.**

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner did not timely file his Petition under the AEDPA.  Therefore, this Court hereby recommends that Respondent's Motion to Dismiss the Petition be **GRANTED**, the Third Amended Petition be **DISMISSED WITH PREJUDICE**, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable William Q. Hayes, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than December 12, 2008, any party may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be served and filed not later than December 29, 2008.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED:   November 21, 2008

Jan M. Adler
U.S. Magistrate Judge