# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD MARTIN SAENZ, JR., | CASE NO. 08cv0566 WQH (JMA) |
| Petitioner, | **ORDER** |
| vs. | |
| SECRETARY OF THE DEPT. OF CORR. AND REHAB., et al., | |
| Respondents. | |

HAYES, Judge:

The matter before the Court is the review of the Report & Recommendation (Doc. # 18) filed on November 11, 2008 by United States Magistrate Judge Jan M. Adler.

## Background

On June 23, 2003 Petitioner Edward Martin Saenz, a state parolee, pled guilty to one count of conducting a lewd act upon a child in violation of Cal. Penal Code § 288(a). (Resp'ts Lodgment # 1 & # 3). The court sentenced Petitioner to 3 years in state prison on July 22, 2003. (Resp'ts Lodgment # 4). Petitioner did not appeal his conviction. (Doc # 10 at 10-13). On March 25, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court pursuant to 28 U.S.C. § 2254, claiming that he should be excused from lifetime sex-offender registration. (Doc. # 1). On July 8, 2008, Petitioner filed a Third Amended Petition (TAP) asserting the same claim. (Doc. # 10).

On September 10, 2008, Respondent moved to dismiss the Petition, on the ground that it is time-barred by the statute of limitations set out in the Antiterrorism and Effective Death Penalty Act

1  (AEDPA), 28 U.S.C. § 2244(d)(1). (Doc. # 16). Petitioner did not oppose the motion to dismiss. On November 21, 2008, United States Magistrate Judge Jan M. Adler issued a Report and Recommendation recommending that this Court grant Respondent's motion and dismiss the Petition as time-barred under AEDPA. (Doc. # 18). Neither party filed an objection to the Report and Recommendation.

### Ruling of the Court

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C § 636(b)(1). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review *de novo* those portions of a Report and Recommendation to which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 100 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

The Court has reviewed the Report and Recommendation in its entirety and concludes that the Magistrate Judge correctly determined that the Petition is time barred under AEDPA, 28 U.S.C. § 2244(d)(1), which imposes a 1-year statute of limitations for a person to petition for a writ of habeas corpus. Petitioner had until September 21, 2004 to file a petition for writ of habeas corpus but failed to do so until March 25, 2008.

### Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 18) is **ADOPTED** in its entirety and Respondent's Motion to Dismiss (Doc. # 16) is **GRANTED**. The Petition for Writ of Habeas Corpus is **DISMISSED**.

DATED: February 3, 2009

**WILLIAM Q. HAYES**
United States District Judge